## HYMAN KOCHMAN

*v.*

## ELIZABETH M. O'NEILL.

*Opinion filed April 24, 1903.*

1. JUDGMENTS AND DECREES—*jurisdiction of person is essential to personal judgment.* Jurisdiction of the person of defendant, either by service of summons or appearance, is essential to the validity of a personal judgment.

2. SAME—*the want of jurisdiction may be shown by outside evidence.* Want of jurisdiction of defendant's person, if it does not appear from the face of the record, may be shown by outside evidence, provided the evidence is clear and satisfactory and the rights of third parties have not intervened.

3. PROCESS—*presumptions are in favor of return.* Every presumption is in favor of a return of process, and it will not be set aside solely upon the uncorroborated testimony of the party upon whom service is claimed to have been made.

4. SAME—*when a return should be set aside.* A return of process should be set aside if it is clear from the evidence the return is untrue, through fraud, accident or mistake.

*Kochman* v. *O'Neill,* 102 Ill. App. 475, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

HUTCHINSON, NEIGER & KIMBARK, for plaintiff in error.

PAM, CALHOUN & GLENNON, (ALBERT E. DACY, of counsel,) for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Hyman Kochman, plaintiff in error, brought suit in the circuit court of Cook county against Elizabeth M. O'Neill, defendant in error, doing business under the name of Metropolitan Express, to recover damages for

a personal injury alleged to have been caused by her negligence. A summons was issued returnable at a term of said court commencing July 16, 1900. The summons was returned with the following endorsement of service:

"Served this writ on the within named defendant, Elizabeth M. O'Neill, doing business as Metropolitan Express, by reading the same to her this 29th day of June, 1900.

E. J. MAGERSTADT, *Sheriff*,
By SAMUEL E. ERICKSON, *Deputy*."

On July 18, 1900, Mrs. O'Neill was defaulted, and on August 6, 1900, damages were assessed against her in the sum of $1000, and judgment was entered for that amount and costs. Execution was issued and served upon her, and she thereupon filed the bill in this case against Kochman and the sheriff to enjoin the collection of the judgment and for a new trial, alleging that the return upon the summons was untrue; that she was never served with summons in said cause; that she had a good and meritorious defense to the cause of action, and that the judgment was unjust and inequitable. The answer of Kochman denied the allegations of the bill, and averred that he had a good cause of action, and that the injury was caused as alleged in the declaration. The court heard the evidence of the parties and entered a decree finding that the return of service was untrue; that Mrs. O'Neill was not served with process; that she had a good defense on the merits and the judgment was inequitable, and that she had not been guilty of *laches*. The judgment was set aside, a new trial ordered and permission was given her to defend the cause. The Appellate Court for the First District affirmed the decree.

Service of summons or an appearance is necessary to enable a court to render a personal judgment against a defendant, and the attack upon the judgment in this case was on the ground that there was a want of jurisdiction over the person of Mrs. O'Neill for want of such service or appearance. A judgment may be set aside

where a court has failed to acquire jurisdiction of the person of the defendant. (*Owens* v. *Ranstead*, 22 Ill. 161; *Grand Tower Mining, Manf. and Trans. Co.* v. *Schirmer*, 64 id. 106.) Where the want of jurisdiction does not appear on the face of the record it may be shown by evidence outside of the record, provided the evidence is clear and satisfactory and the rights of third parties have not intervened. A sound public policy, the security of litigants and the stability of legal proceedings demand that the return of the sworn officer shall not be set aside or impeached except upon satisfactory evidence. Every presumption in favor of the return is indulged, and it will not be set aside upon the uncorroborated testimony of the party upon whom service purports to have been made. (*Davis* v. *Dresback*, 81 Ill. 393.) Justice, however, requires that the rules should not be so strict as to prevent all relief against a return which is untrue through fraud, accident or mistake, and if it is clear from the evidence that the defendant has not been served the judgment should be set aside.

In this case the evidence was to the following effect: Mrs. O'Neill had conducted the express business, under the name of Metropolitan Express Company, for fifteen or twenty years, her husband managing the business for her. During that time she had had about two suits a year against the express company, and had been served with summons and was familiar with such matters. She had a regular attorney, who had appeared for her in from ten to twenty suits within a few years. She and the husband and attorney knew of the accident to Kochman, and he had previously brought a suit before a justice of the peace to recover damages to his wagon. The attorney defended that suit and settled the claim, and afterwards noticed in the *Law Bulletin* the commencement of the suit in the circuit court. He told Mr. O'Neill, who warned his wife to expect a summons to be served upon her, and she testified that no summons was ever served in that case.

Gertrude O'Neill, a daughter, testified that about the time of the alleged service an officer came to the residence and met her; that he asked her if she was Mrs. Elizabeth M. O'Neill; that she told him she was not, but was her daughter; that the officer said she would do as well, and read her a paper which she did not understand, and told her to mention it to her mother and the lawyer would attend to it, and that she told her mother that evening that the man had been there and read something about the courts and said that her mother's lawyer would attend to it.   The deputy sheriff testified that he served the summons and did not remember seeing the daughter, and that the lady served was not a young woman, but about forty-five years old.   He served a great many papers, and had but little, if any, independent recollection of the occurrence, but relied mainly upon the fact that he would not make a return unless it was true.   So far as we are able to judge from this record the requirement of the law was not met in this case, and it was quite clearly proved that there was some mistake or misunderstanding as to the proper method of service, and that Mrs. O'Neill was not served with the summons.

Concerning the averment of a good defense, the evidence in this record is that Kochman was between the shafts drawing a wagon on Halsted street, in Chicago; that the street was torn up in preparing to pave it and was about a foot lower than the track; that a mule team of Mrs. O'Neill, with an express wagon, came up from behind on a slow jog; that Kochman was pulling his wagon along ahead of the express wagon for about a block and a half, and during that time the driver of the mule team was cursing him, calling him vile names and telling him to get out of the way, because he was going along at a walk; that Kochman finally turned to the west out of the track to get out of the way of the express wagon; that in this operation the pole of the express wagon struck Kochman's wagon and tipped it over; that

202—8

Kochman then ran to the mules and caught one of them by the bridle; that the driver told him not to go near the mule or he would be kicked, and that the mule did kick him, which was the only material or substantial injury which he suffered from the occurrence. From this evidence it appears that Mrs. O'Neill had a meritorious defense to a large part, if not all, of Kochman's claim, on the ground that his injury resulted from his own conduct after being warned to keep away from the mule. Judged by the evidence in this case the judgment for $1000 was in the main unjust and inequitable.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*