JAMES P. HOFNER, Plaintiff-Appellant, v. GLENN INGRAM & COMPANY *et al.*, Defendants-Appellees.

First District (4th Division)   No. 84—1288

Opinion filed November 7, 1985.—Rehearing denied March 6, 1986.

McKenna, Storer, Rowe, White & Farrug, of Wheaton (Anthony K. Black and Jay H. Tressler, of counsel), for appellant.

McDermott, Will & Emery, of Chicago (Alan S. Rutkoff and Paul J. Kozacky, of counsel), for appellees.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, James P. Hofner, appeals from an order of the circuit court of Cook County dismissing his third amended complaint against defendants, Glenn Ingram & Company, an Illinois partnership, the individual partners, and William Gifford, not in his capacity as a part-

ner in the firm. The court dismissed the complaint as being substantially insufficient at law, in violation of section 2—615(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—615(a)).

We affirm in part and reverse in part and remand.

■ Plaintiff invites us to draw facts, forming the basis of our review, in part from his sworn affidavit. Defendants brought their motion to dismiss plaintiff's third amended complaint pursuant to section 2—615 of the Code. Although courts may consider affidavits under a section 2—619 motion to dismiss (Ill. Rev. Stat. 1983, ch. 110, par. 2—619), courts may not consider affidavits under a section 2—615 motion to dismiss for failure to state a cause of action, which admits all well-pleaded facts and attacks facially only the complaint's legal sufficiency. (*Curtis v. County of Cook* (1982), 109 Ill. App. 3d 400, 409, 440 N.E.2d 942, 948, *aff'd in part & rev'd in part on other grounds* (1983), 98 Ill. 2d 158, 465 N.E.2d 116.) We will, therefore, base our opinion upon only the well-pleaded facts found in plaintiff's third amended complaint and his exhibits incorporated into the complaint by reference or thereto attached.

Plaintiff alleged the following facts. Plaintiff, a certified public accountant, signed a partnership agreement on May 4, 1978, becoming a member of the defendant accounting firm. The firm based partners' salaries on estimated future earnings for the subsequent fiscal year. During the year, partners drew their incomes off of their predetermined salary allotments, a monthly draw equaling one-twelfth of a partner's allotment. After signing the agreement, plaintiff alleged that he told William Gifford, a senior partner of the firm and a member of the firm's executive board, that he did not believe the firm would make the earnings projected for the following fiscal year and that he would resign if he could not earn the $40,000 that the firm projected for his income the following year. Plaintiff next alleged that Gifford reassured him about projected firm earnings and orally promised him that the firm would pay him a minimum of $40,000 for the year ahead.

Plaintiff further alleged that actual firm earnings were less than the firm's original projections. Gifford reassured plaintiff in February 1979 that plaintiff would receive a minimum of $40,000 for the fiscal year. Plaintiff alleged that, during the year, the firm paid him monthly amounts proportional to the alleged income guarantee, although his draw would have been less if he had not received the promised minimum salary. Plaintiff also alleged that no partner expressly or implicitly rescinded the proposed minimum income or gave him any reason to believe that Gifford lacked authority to make the

promise. In April 1979, plaintiff tendered his resignation to Gifford, effective May 30, 1979. Plaintiff alleged that Gifford reassured him that he would receive the promised income for the year.

After plaintiff left the firm, he requested the balance of his allegedly-promised income for the year. Defendants denied that the firm made any promise to plaintiff and, further, filed suit against plaintiff claiming that plaintiff was entitled to a gross annual income of $18,976.18, but that he received $28,500 from the firm. Plaintiff responded by filing a lawsuit against the firm and the individual partners requesting an accounting and payment of the money owed.

On September 14, 1983, plaintiff filed his first amended complaint, abandoning his prayer for an accounting and proceeding strictly on the legal theories of breach of contract and fraud. On November 21, 1983, the trial court granted defendants' motion to dismiss the complaint and granted plaintiff leave to replead. On February 2, 1984, the trial court granted defendants' motion to dismiss plaintiff's second amended complaint and again granted plaintiff leave to replead. Plaintiff filed his third amended complaint on March 1, 1984, in which he added Gifford as a defendant in his individual capacity; he also added alternative counts under the theories of negligent misrepresentation and breach of fiduciary duty against all defendants. On March 13, 1984, defendants filed a motion seeking summary judgment in their suit against plaintiff. Plaintiff also filed, on March 30, a motion to compel Gifford to answer the complaint.

On May 7, 1984, the trial court granted defendants' motion to dismiss plaintiff's third amended complaint. The court, from the bench, agreed with defendants that plaintiff was bound to the partnership agreement and, thus, failed to state a cause of action in his complaint. In dismissing the complaint, the court also noted that it did not grant plaintiff leave to add Gifford as a defendant to the action in his individual capacity. The court further ruled that its order rendered moot plaintiff's motion to compel Gifford to answer and denied defendants' motion for summary judgment due to the existence of questions of fact. The court expressly found that no just reason existed to delay the enforcement or appeal of its order. Plaintiff appeals.

■■ ■ The purpose of pleadings is to present, define and narrow the issues and limit the proof needed at trial. Pleadings are not intended to erect barriers to a trial on the merits but, instead, to remove them and facilitate trial. The object of pleadings is to produce an issue asserted by one side and denied by the other, so that a trial may determine the actual truth. (*People ex rel. Fahner v. Carriage Way West, Inc.* (1981), 88 Ill. 2d 300, 307-08, 430 N.E.2d 1005, 1008.)

Courts should liberally construe pleadings and a motion to dismiss admits all facts well pleaded. In considering a motion to dismiss, however, courts are to construe pleadings strictly against the pleader. The purpose of attacking defects in pleadings is to point out the defects so that the complainant will have an opportunity to cure them before trial. The granting of a motion to strike and dismiss is within the sound discretion of the trial court. *Harvey v. Mackay* (1982), 109 Ill. App. 3d 582, 586, 440 N.E.2d 1022, 1025.

## I

Plaintiff claims that the trial court erred in finding that his third amended complaint was substantially insufficient at law. Explaining this pleading requirement, our supreme court stated as follows:

"To pass muster a complaint must state a cause of action in two ways. First, it must be legally sufficient; it must set forth a legally recognized claim as its avenue of recovery. When it fails to do this, there is no recourse at law for the injury alleged, and the complaint must be dismissed. [Citations.] Second and unlike Federal practice, the complaint must be factually sufficient; it must plead facts which bring the claim within the legally recognized cause of action alleged. If it does not, the complaint must be dismissed. [Citation.]" *People ex rel. Fahner v. Carriage Way West, Inc.* (1981), 88 Ill. 2d 300, 308, 430 N.E.2d 1005, 1009.

### A. AUTHORITY

Plaintiff contends that he properly pleaded legally recognized claims against the partnership and Gifford for breach of contract, fraud (also known as intentional misrepresentation), negligent misrepresentation and breach of fiduciary duty. He alleged that the partnership, acting through Gifford, promised him the minimum salary, with Gifford possessing the actual and apparent authority of the partnership, and that the partnership ratified Gifford's promise. Defendants contend that plaintiff did not properly plead claims against the partnership because the partnership agreement did not give Gifford any authority to make the purported promise to plaintiff.

■■■ A plaintiff pleads a cause of action for agency when he or she alleges facts showing one acting for another under circumstances that imply knowledge on the part of the alleged principal of such acts. Circumstantial evidence may establish the fact and extent of an agency relationship. (*Schoenberger v. Chicago Transit Authority* (1980), 84 Ill. App. 3d 1132, 1137, 405 N.E.2d 1076, 1080, quoting

*City of Evanston v. Piotrowicz* (1960), 20 Ill. 2d 512, 518, 170 N.E.2d 569, 573.) The authority of an agent may come only from the principal; therefore, we must trace the source of an agent's authority to some word or act of the alleged principal. Authority may be actual or apparent, actual authority being either express or implied. Courts will not presume the authority to bind a principal; rather, the person alleging authority must show the source unless the principal ratified the act of the agent. Moreover, the authority must be founded upon some word or act of the principal, not on the words or acts of the agent. *Schoenberger v. Chicago Transit Authority* (1980), 84 Ill. App. 3d 1132, 1136.

Plaintiff alleged that Gifford possessed the actual authority to make the income guarantee; that Gifford was a member of the firm's executive board; and that the partnership agreement vested the board's members with discretionary authority in dealing with partners' incomes. Plaintiff also alleged that Gifford, besides being a member of the firm's executive board, was also the regional managing partner for the Chicago office and that the partnership agreement charged that position with direct responsibility for the management of the region and full authority to conduct the region's affairs.

■ Plaintiff stated a cause of action for agency. He alleged that Gifford was a member of the partnership; that Gifford belonged to the body that had discretionary authority in dealing with partners' incomes; and that the partnership acted through Gifford. Defendants could have presented evidence that negated the existence of agency. (*Schoenberger v. Chicago Transit Authority* (1980), 84 Ill. App. 3d 1132, 1137, 405 N.E.2d 1076, 1080-81.) The trial court, however, dismissed the complaint for failure to state a cause of action, without requiring defendants to present evidence or at the least to file an answer.

Defendants claim that the partnership agreement, which plaintiff voluntarily signed, contains detailed provisions for the allocation of firm earnings among all of the partners. The agreement provides for a "specific allotment" to Glenn Ingram, Sr., *i.e.*, a guaranteed, fixed payment to him before any income is allocated to the other partners. Thus, defendants reason, the partnership agreement did not entitle Gifford, or any other executive board member or partner, to exercise the authority vested in the executive board collectively. Defendants further reason that plaintiff's claims against them are based on an alleged oral agreement between himself and another partner that contravenes the partnership agreement.

■ The trial judge agreed with defendants that the partnership

agreement did not authorize Gifford to make the alleged promise. Although a partnership agreement is not necessary to create a partnership, partners have the right to establish between themselves their rights, duties, and obligations to the partnership by a partnership agreement or by a dissolution agreement. (*Saballus v. Timke* (1983), 122 Ill. App. 3d 109, 116, 460 N.E.2d 755, 759.) No person rightfully may commit an act in contravention of a partnership agreement without the consent of all the parties. Ill. Rev. Stat. 1983, ch. 106½, par. 18(h).

■■ ■ When there is a partnership agreement, a court must construe it as any other contract so as to determine the intent of the parties. The court should determine their intent from the language of the entire agreement and the court must view each part of the contract in light of the others. (*Estate of McKay v. Moses* (1976), 35 Ill. App. 3d 458, 463, 343 N.E.2d 45, 49.) When a contract is susceptible to various interpretations, the parties should introduce extrinsic evidence to explain their intent, a determination of which being a question of fact. (35 Ill. App. 3d 458, 465.) We conclude that whether the partnership agreement authorized Gifford to make the alleged promise to plaintiff was a question of fact, requiring evidence as to what the parties intended at the signing of the agreement.

Referring to defendants' claim that plaintiff did not properly plead an action for fraud, this holding disposes of defendants' contention that plaintiff had no right to rely on Gifford's purported promise because the partnership agreement did not authorize him to make it. Referring to plaintiff's allegations of breach of fiduciary duty and negligent misrepresentation, this holding also disposes of defendants' contention that the partnership agreement eliminated any duty of defendants regarding statements on the subject of income.

■■ ■ Plaintiff also alleged that Gifford possessed apparent authority to make the purported promise. Apparent authority in an agent is such authority as the principal knowingly permits the agent to assume or which he holds his agent out as possessing. It is the authority that a reasonably prudent man, exercising diligence and discretion, in view of the principal's conduct, would naturally suppose the agent to possess. (*Barraia v. Donoghue* (1977), 49 Ill. App. 3d 280, 283, 364 N.E.2d 952, 954.) Whether a person has notice of the lack of an agent's authority or is put on notice by circumstances is a question of fact. (*Schoenberger v. Chicago Transit Authority* (1980), 84 Ill. App. 3d 1132, 1138, 405 N.E.2d 1076, 1081.) We conclude that whether Gifford had apparent authority to make the purported promise to plaintiff was also a question of fact.

■■ Plaintiff additionally alleged that the partnership ratified Gifford's promise. Ratification may be express or inferred and occurs where the principal, with knowledge of the material facts of the unauthorized transaction, takes a position inconsistent with non-affirmation of the transaction. Ratification is the equivalent to an original authorization and confirms that which was originally unauthorized. Ratification occurs where a principal attempts to seek or retain the benefits of the transaction. *Schoenberger v. Chicago Transit Authority* (1980), 84 Ill. App. 3d 1132, 1139.

■■ Defendant partnership contends that its alleged ratification of Gifford's purported promise required the awareness of each individual partner, which plaintiff failed to allege. However, notice to any partner of matters relating to partnership affairs and the knowledge of the partner acting in the particular matter operate as notice to or knowledge of the partnership, except in cases of fraud on the partnership committed by or with the consent of that partner. (Ill. Rev. Stat. 1983, ch. 106½, par. 12.) The partnership further contends that its alleged acts of ratification were unclear and ambiguous, and that the performance of each act would also be consistent with the nonexistence of the alleged promise. Whether the alleged acts of the partnership constituted a ratification and whether the alleged acts of the partnership were clear or ambiguous are questions of fact.

We conclude that plaintiff properly raised the issue of agency, pleading facts alleging both the actual and apparent authority of Gifford to make the promise and the partnership's ratification of the promise. We further conclude that whether the partnership agreement actually authorized Gifford to make the alleged promise, whether Gifford possessed the apparent authority to make the promise, and whether the partnership ratified Gifford's promise are all questions of fact. The trial court's dismissal of plaintiff's complaint for failure to state a cause of action was, therefore, improper.

B. FRAUD

■■ Plaintiff contends that he properly pleaded claims against defendants for fraud, also known as intentional misrepresentation. In an action for fraud, a plaintiff must allege "(1) that the defendant made a statement, (2) of a material nature as opposed to opinion, (3) untrue, (4) known by the person making it to be untrue, *** or made in culpable ignorance of its truth or falsity, (5) relied upon by the victim to his detriment, (6) made for the purpose of inducing reliance, and (7) such that the victim's reliance led to his injury." (*Gordon v. Dolin* (1982), 105 Ill. App. 3d 319, 324, 434 N.E.2d 341, 345.) Courts

do not deem statements regarding future or contingent events, expectations and probabilities as fraud. Rather, courts regard such statements as mere expressions of opinion or mere promises or conjectures upon which the other party has no right to rely. *Hayes v. Disque* (1948), 401 Ill. 479, 488, 82 N.E.2d 350, 355.

Defendants contend that plaintiff failed to allege the necessary elements of fraud. Relying on *Hayes v. Disque*, they first contend that Gifford's alleged statements related to future allocations of partnership earnings, *i.e.*, what the partnership would do in the event that certain other events occurred.

Plaintiff neither alleged that Gifford made predictions about the partnership's future earnings, nor alleged that Gifford linked plaintiff's income to the contingent event of increased partnership earnings. Rather, plaintiff alleged that Gifford guaranteed him a minimum salary of $40,000, regardless of partnership earnings. We consider Gifford's alleged promise to be a present statement of fact and not a prophecy of future developments or an expression of opinion on expectations or contingent events.

Defendants next claim that plaintiff inadequately pleaded reliance on Gifford's alleged misrepresentations. They describe plaintiff's allegations of reliance as perfunctory and, relying on *Trautman v. Knights of Columbus* (1984), 121 Ill. App. 3d 911, 460 N.E.2d 350, and *Kinney v. St. Paul Mercury Insurance Co.* (1983), 120 Ill. App. 3d 294, 458 N.E.2d 79, contend that his failure to allege facts showing his reliance on Gifford's statements is a complete defense to an action for fraud.

After a fair reading of plaintiff's complaint, with all reasonable inferences derived therefrom, we conclude that his allegations make the claim that he remained with the partnership as a result of and in reliance on Gifford's purported promise of guaranteed income.

## II

Plaintiff next claims that the trial court erred in dismissing his third amended complaint because Gifford in his individual capacity was a proper party to the action. Personal jurisdiction, obtained either by service of process or an appearance, is necessary before a court can render a judgment against a defendant; a judgment may be set aside where a court failed to acquire personal jurisdiction over defendant. *Kochman v. O'Neill* (1903), 202 Ill. 110, 111-12, 66 N.E. 1047, 1047.

Plaintiff reasons that since Gifford was named as a defendant in his capacity as a partner in the firm with the other partners,

and since partners do business in their individual capacities and have no existence apart from the partnership, Gifford, as an individual, subjected himself to the court's jurisdiction when the partnership filed a general appearance. Defendants distinguish Gifford's capacity as an individual from his capacity as a partner in the firm. They contend that Gifford, individually, was never a party to the action and that plaintiff's addition of Gifford, individually, to the action required leave of the trial court.

We agree with defendants. Although the law does not recognize a partnership as an entity apart from the partners (see 1 W. Fletcher, Cyclopedia of the Law of Private Corporations sec. 20 (rev. perm. ed. 1983)), section 2—1008 of the Code of Civil Procedure recognizes that a party to an action in one capacity is not in the action in all other capacities. That section provides, in part, as follows:

"(a) Change of interest or liability. If by reason of *** any *** event occurring after the commencement of a cause or proceeding, either before or after judgment, causing a change or transmission of interest or liability, ***, it becomes necessary or desirable that *** any person already a party be made a party in another capacity, the action does not abate, but on motion an order may be entered that the proper parties be substituted or added, and that the cause or proceeding be carried on with the remaining parties and new parties, with or without a change in the title of the cause." (Ill. Rev. Stat. 1983, ch. 110, par. 2—1008(a).)

The Code, thus, required plaintiff in the present case to seek and receive leave of court before he could file any claims against Gifford in a different capacity than already named.

Plaintiff also contends that the partnership's general appearance equaled that for Gifford individually. Plaintiff relies on *Thilman & Co. v. Esposito* (1980), 87 Ill. App. 3d 289, 408 N.E.2d 1014, and *Donoghue v. Kohlmeyer & Co.* (1978), 63 Ill. App. 3d 979, 380 N.E.2d 1003, for the proposition that any action taken by a litigant that recognizes the cause as being in court will amount to a general appearance unless such action was solely for the purpose of objecting to jurisdiction.

■■ ■ A trial court should freely grant leave to amend a complaint so that a plaintiff may fully present his cause. Despite this extensive freedom, however, a plaintiff has no absolute right to amend his pleadings. It is for the trial court to decide, in the exercise of its sound discretion, whether to allow proposed amendments. (*Beresky v. Teschner* (1978), 64 Ill. App. 3d 848, 856, 381 N.E.2d 979, 985.) We

have held that leave of court is required before a plaintiff may amend his complaint to add a new claim against a new defendant. (*Torley v. Foster G. McGaw Hospital* (1983), 116 Ill. App. 3d 19, 23, 452 N.E.2d 7, 10; *Petrella v. Leisky* (1981), 92 Ill. App. 3d 880, 881-82, 417 N.E.2d 134, 136 (and cases cited therein).) We hold that the trial court did not abuse its discretion in dismissing plaintiff's claims against Gifford in his individual capacity.

For the foregoing reasons, the order of the circuit court of Cook County is reversed only as to its dismissal of plaintiff's third amended complaint against the partnership; the order is affirmed as to its dismissal of claims against Gifford individually; and the cause is remanded for further proceedings not inconsistent with this opinion.

Affirmed in part and reversed in part and remanded.

LINN and McMORROW, JJ., concur.