JANET TERRY PEARSON, Plaintiff-Appellant, v. CECIL A. PARTEE *et al.*, Defendants-Appellees (William Hall, Defendant).
First District (6th Division)   No. 1—90—2013

Opinion filed July 19, 1991.

Braun & Rivkin, Ltd., of Chicago (Lee M. Weisz and Michael A. Braun, of counsel), for appellant.

Bernard B. Nathan, of Chicago, for appellees.

PRESIDING JUSTICE RAKOWSKI delivered the opinion of the court:

Plaintiff appeals from an order entered by the circuit court granting the motion of defendants Cecil Partee and Hollis Green for summary judgment on plaintiff's second amended complaint. The action against William Hall remains pending in the circuit court and is not part of this appeal. We have jurisdiction pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)). The issues on appeal are: (1) whether the trial judge had authority to grant a motion for summary

judgment where the motion was previously denied by another judge; and (2) whether plaintiff may preclude an otherwise successful motion for summary judgment based upon a theory of apparent authority which is not alleged in her second amended complaint. We affirm.

In her second amended complaint, plaintiff alleges that she retained defendants Cecil Partee, Hollis Green and William Hall to provide legal services regarding an incident which occurred in March of 1974, at the Evergreen Plaza shopping mall. According to plaintiff, she and her companion were improperly detained, searched and falsely accused of shoplifting. Hall defended plaintiff in the subsequent criminal proceeding. When the criminal charges were dismissed, Hall filed a civil complaint on plaintiff's behalf for false arrest which sought $100,000 in damages. Plaintiff also alleges in the second amended complaint that Partee, Green and Hall failed to prosecute the civil suit and respond to motions, and that as a result, the false arrest claim was eventually dismissed. The complaint also claims that Hall, acting on behalf of Partee and Green, did not respond to her numerous written and telephone inquiries regarding the progress of her case and told plaintiff that the suit was still pending when it had been dismissed for more than a year.

Plaintiff filed her initial complaint against defendants on June 19, 1984. Defendants Partee and Green then filed a motion to dismiss plaintiff's complaint pursuant to section 2—407 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—407), claiming that Hall was not their agent or employee and that they had not been retained by plaintiff. Along with the motion, Partee and Green filed supporting affidavits of Partee, Green and Hall. The court found that the motion to dismiss was improper, and on September 27, 1984, entered an order granting Partee and Green leave to refile their claims as a motion for summary judgment pursuant to section 2—1005 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1005). Defendants subsequently refiled their motion as a motion for summary judgment. Following a hearing on November 14, 1988, Judge Edwin Berman denied the motion based on his finding that there was an issue of fact as to whether Hall's relationship with Partee and Green was one of apparent authority. Next, on May 2, 1990, defendant Hall filed a motion to dismiss plaintiff's complaint pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). By this time the matter was assigned to Judge Dean J. Sodaro, who granted the motion to dismiss and allowed plaintiff leave to file an amended complaint. On May 22, 1990, plaintiff's first amended complaint was also stricken pursuant to section 2—615

of the Code of Civil Procedure, and she was again granted leave to amend. On May 25, 1990, plaintiff's second amended complaint was filed. Defendant Hall then filed a motion for a judgment on the pleadings pursuant to section 2—615(e) of the Code of Civil Procedure, and defendants Partee and Green again filed a motion for summary judgment. On June 15, 1990, the assignment judge transferred the case to Judge Angelo D. Mistretta for a hearing on both motions. The motion for summary judgment was supported by the same affidavits which supported the first motion for summary judgment which had been filed in response to plaintiff's initial complaint. The basis of the motion before Judge Mistretta was again that Hall was not an agent or employee of Partee and Green, that Partee and Green had not been retained by plaintiff and that Partee and Green owed the plaintiff no duty. In her response to the motion for summary judgment, plaintiff stated that Hall had been recommended to her because of his association with the law firm of Partee & Green, that a sign located outside of the office of Partee & Green listed the names of individual attorneys, including Hall, that Hall informed her that he was with the law firm of Partee & Green and gave her a business card with Partee & Green printed on it. Plaintiff also stated that the person answering the telephone referred to the law firm as Partee & Green and that the documents used in the false arrest suit contained the Partee & Green letterhead. Judge Mistretta ruled in favor of defendants and granted their motion for summary judgment. Defendant Hall's motion for a judgment on the pleadings was denied, and he was directed to answer plaintiff's second amended complaint.

Plaintiff first contends that it was error for Judge Mistretta to grant summary judgment in defendants' favor because the motion filed in June 1990 consisted of the same arguments and contentions found in the 1988 motion for summary judgment which Judge Berman had denied. Plaintiff cites *W.R. Grace & Co. v. Beker Industries, Inc.* (1984), 128 Ill. App. 3d 215, 470 N.E.2d 577, for the premise that once a court has issued a ruling, it should not be reversed by another court of coordinate jurisdiction unless there has been some change in circumstances or the discovery of additional facts which would warrant such action. Plaintiff claims that, because the substance of defendants' second motion for summary judgment and supporting affidavits was essentially the same as their first motion, which was denied, it was improper to change the original ruling. In *W.R. Grace & Co.* the court held that the dismissal of a complaint alleging breach of a partially performed litigation settlement agreement based on *forum non conveniens* was improper. The litigation settlement agreement

was part of a consent judgment involving corporate parties residing in different States. A motion for dismissal based on *forum non conveniens* had previously been denied by the trial judge in the original litigation, which was subsequently settled. The appellate court held that the dismissal of the related litigation based on *forum non conveniens* was improper because the movant failed to show that its State would be a more convenient forum or that there were other reasons of merit to move the litigation to the movant's State. The court then added that there had been no change in circumstances based on *forum non conveniens* principles to show that the trial court's prior denial of a similar motion by Beker was an abuse of discretion. *W.R. Grace & Co.* cited *Balciunas v. Duff* (1983), 94 Ill. 2d 176, 188, 446 N.E.2d 242, which held that once a court has exercised its discretion, that ruling should not be reversed by another member of the court unless there has been a change in circumstances or additional facts which would warrant such action. *W.R. Grace & Co.*, 128 Ill. App. 3d at 222.

■■ However, *W.R. Grace & Co.* and *Balciunas* involved matters which were discretionary, unlike this case, which involves a motion for summary judgment. As a result, both cases are inapplicable. The Illinois Supreme Court in *Rowe v. State Bank* (1988), 125 Ill. 2d 203, 213, 531 N.E.2d 1358, stated:

> "[T]his court has repeatedly held that the circuit court has the inherent power to modify or vacate an interlocutory order granting summary judgment any time before final judgment."

(See also *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 120-21, 382 N.E.2d 1217; *Tracy v. Montgomery Ward & Co.* (1990), 193 Ill. App. 3d 304, 307, 549 N.E.2d 984.) The court in *Rowe* further added:

> "It is true that this court has disapproved of one judge reviewing interlocutory orders entered by another judge where there is evidence of bad faith or 'judge shopping' by the party who obtains an adverse ruling." (*Rowe*, 125 Ill. 2d at 214.)

The court in *Towns v. Yellow Cab Co.* stated:

> "While prior rulings should be vacated or amended only after careful consideration, *** a court is not bound by an order of a previous judge [citation] and has the power to correct orders which it considers to be erroneous." *Towns*, 73 Ill. 2d at 121.

■■ In this case we find no evidence of bad faith or judge shopping where the matter was assigned to several judges as part of the administrative process of judicial assignment. Therefore, we conclude that the trial court's order granting defendants Partee and Green's motion for summary judgment was within its authority.

Plaintiff next claims that the trial court's order for summary judgment was improper because there was a triable issue of fact as to whether there was an agency relationship between Hall and Partee and Green based upon the doctrine of apparent authority. In her second amended complaint, however, plaintiff alleged:

"Hall, Partee, and Green were retained by Pearson for the purpose of prosecuting her claims and causes of action against various defendants arising out of an incident which occurred on March 31, 1974."

No facts were alleged which would support a theory of apparent authority.

■■ ■ In response to plaintiff's second amended complaint, defendants Partee and Green filed a motion for summary judgment. The motion was supported by the affidavits of all three defendants stating that Partee and Green were never retained by plaintiff and that Partee and Green did not file any pleadings regarding the 1974 shoplifting incident as alleged in plaintiff's second amended complaint. The affidavits also stated that there was no agency relationship between Hall and Partee and Green and that Hall was not an employee of the firm. The trial court granted the motion finding that there was no genuine issue relative to Partee and Green. In order for a complaint to provide recourse for an alleged injury, a complaint must set forth a legally recognized claim, and it must plead facts which bring the claim within the legally recognized cause of action alleged. (*People ex rel. Fahner v. Carriage Way West, Inc.* (1981), 88 Ill. 2d 300, 308, 430 N.E.2d 1005.) However, unsupported allegations in a complaint do not raise a question of fact where affidavits and depositions in support of a motion for summary judgment contain evidentiary facts to the contrary. *Lesnik v. Estate of Lesnik* (1980), 82 Ill. App. 3d 1102, 1106, 403 N.E.2d 683.

■■ ■ Plaintiff claims that there was an agency relationship between Hall and the other two defendants based on apparent authority because Partee and Green allowed Hall to hold himself out as an attorney with their firm. The authority of an agent comes from the principal and may be actual or apparent. (*Hofner v. Glenn Ingram & Co.* (1985), 140 Ill. App. 3d 874, 881, 489 N.E.2d 311.) Apparent authority is that authority which the principal knowingly permits the agent to assume or which he holds the agent out as possessing. (*Hofner*, 140 Ill. App. 3d at 882, citing *Schoenberger v. Chicago Transit Authority* (1980), 84 Ill. App. 3d 1132, 405 N.E.2d 1076.) A plaintiff pleads a cause of action for agency when he or she alleges facts which show that one has acted for another under circumstances which imply

knowledge of such acts on the part of the alleged principal. *Hofner*, 140 Ill. App. 3d at 880.

■ While plaintiff claims that she has a cause of action against Partee and Green based on apparent authority, which is a legally recognized doctrine, no facts are alleged in the second amended complaint to support such a theory. The second amended complaint only states that Hall, Partee and Green were retained by plaintiff. It neither alleges the conclusion that Partee and Green held Hall out as part of the firm nor any facts which would support such a conclusion. Thus, when defendants presented evidence which defeated plaintiff's allegation that she had retained Partee and Green, the second amended complaint contained no legally sufficient cause of action, and Partee and Green were entitled to summary judgment. See *Johnson v. Hilton Hotel Corp.* (1989), 190 Ill. App. 3d 197, 546 N.E.2d 617; *Illinois Traffic Court Driver Improvement Educational Foundation v. Peoria Journal Star, Inc.* (1986), 144 Ill. App. 3d 555, 563, 494 N.E.2d 939.

Therefore, we conclude that the order of the trial court for the entry of summary judgment in favor of defendants Partee and Green was proper.

Accordingly, the judgment of the circuit court is affirmed.

Judgment affirmed.

McNAMARA and LaPORTA, JJ., concur.