Per Curiam.
We consider the rule to be now well settled, that to enable a plaintiff to recover under such circumstances, he must not only show some negligence and misconduct on the part of the defendant, but ordinary care and diligence on his own part. Butterfield v. Forrester, 11 East, 61; Harlow v Hummiston, 6 Cowen, 191; Smith v. Smith, 2 Pick. 621.
The judge who tried the cause so instructed the jury ; but in the course of the charge, he further stated to the jury, that the burden of proof was upon the plaintiff to prove negligence m the defendants, that being the gist of the case; but that when the defendants relied upon the fact, that the plaintiff con ducted • herself carelessly, the burden of proof was upon the defendants to show that the plaintiff had not used ordinary care.
The latter part of this direction, we think, was incorrect in point of law, and that the burden of proof was upon the plaintiff to show that the accident was not occasioned by her own negligence, in placing herself in a hazardous position, without due precaution. In the actual state of the evidence, it is extremely probable that this direction made no difference in regard to the result; still, if the evidence was such that the jury might have decided the other way upon this point, without going decidedly against the weight of the evidence, or in other words, if the evidence was doubtful and balanced, such a direction may have had an influence to mislead the jury ; and therefore the Court are now all of opinion, that the verdict must be set aside and a new trial granted.