KATHLEEN CASEY *et al.*, Plaintiffs-Appellees, v. DAVID BASEDEN *et al.*, Defendants-Appellants.

Fifth District   No. 5—84—0259

Opinion filed March 7, 1985.

718

Michael F. Dahlen and Richard A. Green, both of Feirich, Schoen, Mager, Green & Associates, of Carbondale, for appellants.

John Paul Womick & Associates, Chartered, of Carbondale, for appellees.

JUSTICE HARRISON delivered the opinion of the court:

David Baseden and R. A. Williams, Inc., defendants, appeal from a judgment of the circuit court of Union County awarding Kathleen Casey, plaintiff, the sum of $140,000. The litigation between the parties resulted from an August 27, 1982, accident in which a truck driven by Baseden, an employee of R. A. Williams, Inc., struck the rear of plaintiff's car. Following a jury trial, the jury assessed plaintiff's damages at $200,000 and plaintiff's comparative negligence at

30%. The trial court entered judgment on the verdict and denied defendants' post-trial motion. On appeal, defendants raise numerous issues for our consideration. For the reasons which follow, we affirm the judgment of the circuit court.

■ Initially, defendants argue that four of the instructions given to the jury were erroneous. The first instruction challenged by defendants is plaintiff's instruction No. 29, which stated:

"If you find for the plaintiffs on the issue of liability, and find that the plaintiffs have proven that they have sustained damages, then the defendants have the burden of proving that the plaintiff, Kay Casey, was contributorily negligent."

Defendants contend that they do not have the burden of proving plaintiff's contributory negligence, and that this instruction was erroneous. We disagree.

Prior to the adoption of the comparative negligence doctrine in Illinois, a plaintiff was required to establish that he had exercised due care for his own safety, and the absence of such a showing, or sufficient affirmative evidence of contributory negligence, was a complete bar to recovery. (*Mueller v. Sangamo Construction Co.* (1975), 61 Ill. 2d 441, 446, 338 N.E.2d 1.) In *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 421 N.E.2d 886, the case in which our supreme court adopted the comparative negligence doctrine, the court offered no opinion as to whether a plaintiff was still required to prove his freedom from contributory negligence or whether the burden of establishing a plaintiff's contributory negligence rested now with the defendant. Subsequently, however, in discussing *Mueller* and other cases holding that a plaintiff must prove freedom from contributory negligence, the court stated that "*Alvis v. Ribar* has, of course, rendered these holdings obsolete." (*Long v. City of New Boston* (1982), 91 Ill. 2d 456, 463, 440 N.E.2d 625.) In light of the court's unequivocal rejection of these pre-*Alvis* holdings, we are unable to accept defendants' argument that the burden of proving freedom from negligence continues to rest with plaintiff. On the contrary, we believe that the rationale for placing this burden on plaintiff no longer exists, and that the jury in this case was properly instructed.

■ The swift and universal acceptance of the contributory negligence doctrine during the nineteenth century has been attributed to a need to protect newly developing industries from juries overly sympathetic to injured plaintiffs. (*Alvis v. Ribar* (1981), 85 Ill. 2d 1, 5-6, 421 N.E.2d 886.) Early in the judicial history of this State, our supreme court held that it was incumbent on the plaintiff in a negligence action to prove freedom from negligence on his part (*Aurora Branch*

*R.R. Co. v. Grimes* (1852), 13 Ill. 585, 587); while the rationale for this holding was not expressed in *Grimes*, it seems clear that, in imposing an additional requirement on the plaintiff, the court furthered the policy of offering some degree of legal protection to railroads and other industries. While this may have been sound social policy at the time, the same considerations which prompted the adoption of comparative negligence support the conclusion that a plaintiff should no longer be required to plead and prove his own freedom from negligence. This was implicitly recognized as early as 1908, when the Federal Employers' Liability Act (45 U.S.C. sec. 51 *et seq.*) was adopted; in cases tried under the Act, which recognizes the doctrine of comparative fault (45 U.S.C. sec. 53), the burden of establishing contributory negligence on the part of the plaintiff rests with the defendant (*Fisher v. Chicago, Rock Island & Pacific Ry. Co.* (1919), 290 Ill. 49, 56, 124 N.E. 831; see Illinois Pattern Jury Instructions (IPI), Civil, No. 160.10 (2d ed. 1971)). We see no reason why a similar rule should not be applied to ordinary negligence actions, as it is both logical and fair to hold that a defendant who stands to benefit from a showing that a plaintiff was contributorily negligent should have the burden of making that showing. Accordingly, we hold that the court did not err in giving plaintiff's instruction No. 29. We note parenthetically that any error in giving this instruction was harmless, in view of the jury's high apportionment of 30% negligence to plaintiff, whose car was struck in the rear by defendants' truck, during daylight hours, while plaintiff's car was stopped to make a left turn.

Defendants next contend that the court erred in giving the long form of IPI Civil No. 15.01. This instruction states:

"When I use the expression 'proximate cause', I mean any cause which, in natural or probable sequence, produced the injury complained of. It need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury."

The court erred in giving the last two sentences of this instruction, as there was no evidence of any third party's negligence. (*Bass v. Washington-Kinney Co.* (1983), 119 Ill. App. 3d 713, 722, 457 N.E.2d 85.) This error was harmless, however, as nothing in the verdict tends to suggest that the jury speculated as to possible additional causes of the accident, and there is nothing of record which would have operated to invite such speculation.

The next contention of defendants concerns the duty and agency instructions given to the jury. While defendants complain of

the use of the word "himself" in the duty instruction (IPI Civil No. 70.01), claiming that it placed undue emphasis on the duty owed by the male defendant, this objection was not made at trial, and the issue is waived for purposes of review (*Saunders v. Schultz* (1960), 20 Ill. 2d 301, 314, 170 N.E.2d 163). As to agency, the court gave the following instruction (IPI Civil No. 50.01) at plaintiff's request:

> "The defendants are sued as principal and agent. The defendant, R. A. Williams, Inc., is the principal and the defendant, David Baseden, is its agent. If you find the defendant, David Baseden, is liable, then you must find that the defendant R. A. Williams, Inc., is also liable. However, if you find David Baseden is not liable, then you must find that R. A. Williams, Inc., is not liable."

Over the objection of defendants, the court also gave IPI Civil No. 50.02:

> "David Baseden was the agent of the defendant, R. A. Williams, Inc. at the time of this occurrence. Therefore, any act or omission of the agent at that time was in law the act or omission of the defendant, R. A. Williams, Inc."

While defendants point out that the second instruction is largely repetitive of the first, we cannot say that reversible error occurred. It was undisputed that Baseden was in fact the agent of R. A. Williams, Inc., and the second reference to this agency relationship was not of such significance as to improperly sway the juror's sympathies toward the plaintiffs and away from the corporate defendant. Under these circumstances, we cannot say that the giving of the second instruction, even if erroneous, was prejudicial to defendants.

The final instruction issue raised by defendants concerns two aspects of plaintiff's instruction No. 24. The disputed parts of this instruction state:

> "If you decide for the plaintiff, Kay Casey, on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate her for any of the following elements of damages proved by the evidence to have resulted from the negligence of the defendants:
>
> \* \* \*
>
> C. The value of time and earnings lost and the present cash value of earnings reasonably certain to be lost in the future;
>
> D. The reasonable expenses necessary for help in her home which were required as a result of her injury."

While defendants assert that there was not sufficient evidence to justify the giving of these two sections of the instruction, examination of

the record reveals otherwise. During direct examination, plaintiff testified as follows:

"Q. Let's stay, if we can, just for a second, on the Goodyear Tire Store.

A. Okay.

Q. Had you reached an agreement with Carroll [plaintiff's son] about how you were going to be paid?

A. No, it was oral.

Q. What was the oral agreement about how you were going to be paid?

\* \* \*

A. He had said something about a hundred and seventy-five dollars a week, and he had asked me again, if that was enough, because I had done more work for him in my home, too."

In order to recover lost earnings, all the law requires is that the plaintiff present evidence which will establish, with a fair degree of probability, a basis for the assessment of damages. (*Tracy v. Village of Lombard* (1983), 116 Ill. App. 3d 563, 575, 451 N.E.2d 992.) Plaintiff's testimony regarding her plans to work at the tire store, if believed by the jury, was sufficient to meet this test. Defendants' contention regarding the portion of the instruction concerning expenses related to help in the home is also without merit, as plaintiff testified that she employed a housekeeper for about 21 days and paid her "around" $25 or $30 per day.

In addition to the alleged errors in jury instructions, defendants raise three additional issues for our consideration. First, defendants claim that the court erred in excusing, without interrogation, nine prospective jurors who were insured by Country Companies, the company which served as defendants' insurance carrier. It has been specifically held that this procedure does not constitute reversible error (*Lynch v. Mid-America Fire & Marine Insurance Co.* (1981), 94 Ill. App. 3d 21, 30, 418 N.E.2d 421), and we believe that the reasoning of *Lynch* applies with equal force here. While defendants also allege that the court erred in not allowing them to re-cross-examine plaintiff's medical expert regarding certain diagnostic tests performed on plaintiff, it is well settled that the scope and extent of cross and re-cross-examination are within the discretion of the court (*Johns-Manville Products Corp. v. Industrial Com.* (1979), 78 Ill. 2d 171, 181, 399 N.E.2d 606), and we cannot say that the court abused that discretion here. Finally, defendants contend that the verdict is excessive. The evidence adduced at trial, however, showed that plaintiff suffered dizziness, muscle aches, headaches and

periods of depression, that she was unable to work or drive a car, and that her injuries were of a permanent nature. In determining whether a verdict is excessive, we must analyze whether that verdict falls within the flexible limits of fair and reasonable compensation, or is so large as to shock the judicial conscience. (*LeMaster v. Chicago Rock Island & Pacific R.R. Co.* (1976), 35 Ill. App. 3d 1001, 1030, 343 N.E.2d 65.) Upon application of this test to the instant case, we cannot say that the verdict is excessive.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

JONES, P.J., and WELCH, J., concur.