(No. 61698.—

KATHLEEN CASEY *et al.*, Appellees, v. DAVID BASE-DEN *et al.*, Appellants.

*Opinion filed February 21, 1986.*

Richard A. Green and Michael F. Dahlen, of Feirich, Schoen, Mager, Green & Associates, of Carbondale, for appellants.

John Paul Womick, of John Paul Womick & Associates, Chtd., of Carbondale, for appellees.

JUSTICE SIMON delivered the opinion of the court:

Plaintiff Kathleen Casey was injured when a truck driven by defendant David Baseden, an employee of defendant R. A. Williams, Inc., struck the rear of her automobile. Casey and her husband William sued the defendants in the circuit court of Union County alleging negligence and loss of consortium. The jury returned a verdict in favor of Kathleen Casey. It assessed her dam-

ages at $200,000 and her comparative negligence at 30%, and so awarded her $140,000. Although the jury also returned a verdict in favor of William Casey, it did not award him any damages, and his claim is not involved in this appeal; thus, Kathleen Casey is hereinafter referred to as plaintiff. The appellate court affirmed (131 Ill. App. 3d 716), and we granted defendants' petition for leave to appeal (94 Ill. 2d R. 315).

Defendants first assert that the following instruction to the jury was improper: "If you find for the plaintiffs on the issue of liability, and find that the plaintiffs have proven that they have sustained damages, then the defendants have the burden of proving that the plaintiff, Kay Casey, was contributorily negligent." Defendants note that, prior to this court's adoption of comparative negligence in *Alvis v. Ribar* (1981), 85 Ill. 2d 1, a plaintiff had the burden of pleading and proving his freedom from negligence as an essential part of his cause of action. (*Long v. City of New Boston* (1982), 91 Ill. 2d 456, 462.) They argue that *Alvis* did not overturn that principle, but only changed the effect of a finding of a plaintiff's negligence from totally barring recovery to merely reducing his damages. The defendants' position is that the plaintiff's comparative negligence is not an affirmative defense, and therefore they contend that the judge's instruction indicating that defendants carried the burden of persuasion on that issue was incorrect. In their reply brief, defendants attack the appellate court's decision on the ground that it confused the burden of proof on the question of liability with the burden on the amount of damages.

Even prior to the comparative negligence revolution in this country, only a handful of States, including Illinois, adhered to the requirement that the plaintiff establish his own freedom from negligence. (Prosser & Keeton, Torts sec. 65, at 451, n.2 (5th ed. 1984); Resta-

tement (Second) of Torts sec. 477A (appendix), Reporter's Note at 329; Green, *Illinois Negligence Law II*, 39 Ill. L. Rev. 116, 125 (1944).) That minority position has now been universally abandoned (Prosser & Keeton, Torts sec. 65, at 451 (5th ed. 1984)), except, the defendants suggest, in Illinois. Contrary to this suggestion, in *Long v. City of New Boston* (1982), 91 Ill. 2d 456, 462, this court discredited as "obsolete" the pre-*Alvis* cases holding that the plaintiff bore the burden of proving his freedom from negligence.

Defendants offer no reason why this court should continue to apply the old burden-of-proof rule after adopting comparative negligence, and we discern none. The principle that the burden of proving his own due care rested with the plaintiff was first announced in this State in *Aurora Branch Railroad Co. v. Grimes* (1852), 13 Ill. 585; *Grimes* gave no rationale for the rule, but simply cited the Massachusetts case of *Lane v. Crombie* (1831), 29 Mass. (12 Pick.) 177. The Massachusetts court apparently believed that this allocation of the burden of proof necessarily emerged from the seminal case of *Butterfield v. Forrester* (1809), 11 East 60, 103 Eng. Rep. 926, which first articulated the principle of contributory negligence. (See *Lane v. Crombie* (1831), 29 Mass. (12 Pick.) 177; *Smith v. Smith* (1824), 19 Mass. (2 Pick.) 621, 624.) That this reading of *Butterfield* was inaccurate (Green, *Illinois Negligence Law II*, 39 Ill. L. Rev. 116, 117 (1944); see also *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 6) is now immaterial. The apparent reason for placing the burden on the plaintiff was to bolster the application of the contributory negligence doctrine. Having renounced the contributory negligence bar to recovery, there is no reason for retaining its procedural complement.

Defendants cite no case from a jurisdiction in which comparative negligence prevails holding that the burden of establishing due care should rest on the plaintiff, and

our research has revealed none. However, there is persuasive authority to the contrary. In *Alvis* this court cited the Federal Employers' Liability Act (FELA) (45 U.S.C. sec. 51 *et seq.*) as the first permanent example of the comparative negligence rule in this country. Under the FELA, the burden of establishing the plaintiff's negligence is on the defendant. (*Central Vermont Ry. Co. v. White* (1915), 238 U.S. 507, 512, 59 L. Ed. 1433, 1437, 35 S. Ct. 865, 868; *Pipal v. Grand Trunk Western Ry. Co.* (1930), 341 Ill. 320, 329.) The same is true in other types of comparative negligence cases. See *Crocker v. Coombs* (Maine 1974), 328 A.2d 389; *Georges v. American Export Lines, Inc.* (1980), 77 A.D.2d 26, 34, 432 N.Y.S.2d 165, 171 (Jones Act); *Woods v. J.R. Liquors, Inc.* (1982), 86 A.D.2d 546, 446 N.Y.S.2d 64 (New York statute requires instruction that the defendant has burden of proving plaintiff's contributory negligence); *Brann v. Exeter Clinic, Inc.* (N.H. 1985), 498 A.2d 334 (citing New Hampshire statute); *Borenstein v. Raskin* (Fla. App. 1981), 401 So. 2d 884; Palmer & Flanagan, Comparative Negligence Manual sec. 7.95, at 7-20 (rev. ed. 1985) (model jury instruction on burden of proof); 3 Comparative Negligence sec. 18.20[2][b] at 18-37, 18-39 (Bender 1985) (model instruction).

Most directly in point is *Crocker v. Coombs* (Maine 1974), 328 A.2d 389. Prior to the adoption of a comparative negligence statute, in Maine, as in Illinois, the plaintiff was required to establish his own due care as an element of his negligence case. (328 A.2d 389, 391.) In *Crocker* the Maine court held that the same concern with fairness which motivated the adoption of comparative negligence required that the old rule placing the burden of proving his freedom from negligence on the plaintiff be eliminated. (328 A.2d 389, 392.) We agree. As the appellate court correctly held, both logic and fairness dictate that the defendant, who stands to benefit from a

showing that the plaintiff was negligent, should have the burden of persuading the trier of fact on that issue. 131 Ill. App. 3d 716, 720; see also Green, *Illinois Negligence Law II*, 39 Ill. L. Rev. 116, 126 (1944).

We are unconvinced by the defendants' suggestion that they should not bear the burden of establishing plaintiff's negligence because such negligence is not an affirmative defense and goes only to the question of damages. A plaintiff's comparative negligence is similar in effect to the defense of failure to mitigate damages (Note, *Comparative Negligence as an Affirmative Defense*, 70 Iowa L. Rev. 693, 698 (1985)) regardless of whether the comparative negligence is labeled an affirmative defense, a defense, or merely evidence in mitigation; it does not defeat the cause of action but only diminishes the recovery. The defendant has the burden of proving a failure to mitigate (*Rozny v. Marnul* (1969), 43 Ill. 2d 54, 73), and should likewise carry the burden on the plaintiff's negligence. This conclusion is consistent with a recently enacted statute which establishes that a plaintiff's negligence is an affirmative defense and requires the defendant to plead the facts constituting this defense. (Pub. Act 84—624 (eff. Sept. 20, 1985).) It would be anomalous to require that the defendant allege the plaintiff's negligence but to place the burden of proof on that issue on the plaintiff.

We conclude that the trial judge adequately instructed the jury on the burden of proof. Contrary to defendants' argument, the court did not lead the jurors to believe that defendants bore any burden of proof on the question of liability. A separate instruction advised the jury that Kathleen Casey's negligence would not bar recovery but only diminish damages; another detailed the elements of a negligence case, and it explained that the plaintiff had the burden of proof on each element. Moreover, the judge explicitly stated that defendants' burden

arose only after the jury had resolved the issue of liability in favor of the plaintiff and had found that plaintiff proved that she sustained damages. The jury apparently was persuaded that the plaintiff was contributorily negligent since it apportioned her negligence at 30% and thus reduced her damages by $60,000.

Defendants next assert that the trial court's instruction on proximate causation was confusing and may have affected the verdict. The judge gave the long form of Illinois Pattern Jury Instruction (IPI), Civil, No. 15.01 (2d ed. 1971):

"When I use the expression 'proximate cause,' I mean any cause which, in natural or probable sequence, produced the injury complained of. It need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury."

Defendants point out that the drafting committee's comment to the pattern instruction states that the last two sentences should be used only when there is evidence that something or the acts of someone other than the parties were a proximate cause of the injury (IPI Civil 2d No. 15.01, Comment at 93), and they refer to several cases which have upheld a trial court's refusal to give the long form absent such evidence. (See, *e.g.,* *Lounsbury v. Yorro* (1984), 124 Ill. App. 3d 745.) Defendants maintain that the instruction, taken together with certain evidence at trial relating to the presence of other vehicles, could have caused the jury to speculate on the involvement of third persons in the accident and may therefore have led the jury to reduce erroneously the percentage of fault attributable to the plaintiff.

While it is possible that the long form of the instruction could, in remote circumstances, prove confusing to a jury when only two parties are involved in an accident, we do not think this is such a case. Other instructions

did not allude to the possible acts of third parties; they clearly instructed the jury on how to apportion damages if it found that both parties were negligent and advised the jurors to calculate the comparative negligence of the parties assuming that "100% represents [their] total combined negligence." Viewed in their entirety, the instructions fully and fairly apprised the jury of the relevant principles (*Saunders v. Schultz* (1960), 20 Ill. 2d 301, 314) relating to treatment of the plaintiff's fault.

The defendants' final contention, that nine jury veniremen insured by the same company as the defendants were improperly excluded, has not been properly preserved for review. Prior to trial, the defendants moved *in limine* to prevent any reference to insurance. The trial judge overruled the motion and stated that plaintiff's counsel would be allowed to probe the relationships of the nine prospective jurors to the insurer on *voir dire* in order to determine whether they had any interest or bias. Defendants initially objected to such questions and to an alternative suggested by plaintiff's counsel that the nine jurors be excluded outright. However, defendants eventually consented to exclusion of the jurors as the alternative least harmful to their interests. Defendants may not now attack a procedure to which they agreed (see *City of Waukegan v. Stanczak* (1955), 6 Ill. 2d 594, 608), even though their acceptance may have been grudging. The issue could have been preserved by counsel standing on his objection to inquiries to the prospective jurors regarding their insurance carrier, as well as the exclusion of the nine jurors, but defendants cannot have it both ways.

For the reasons stated, the judgment of the appellate court is affirmed.

*Judgment affirmed.*