DOROTHY L. CARLISLE, Plaintiff-Appellee, v. STANLEY D. HARP, Defendant-Appellant.

Fifth District No. 5—89—0093

Opinion filed June 25, 1990.

Paul D. Giamanco, of Paul D. Giamanco, P.C., of Mt. Vernon, for appellant.

G. Patrick Murphy, of Winters, Brewster, Murphy, Crosby & Patchett, of Marion, for appellee.

JUSTICE WELCH delivered the opinion of the court:

Defendant, Stanley D. Harp, appeals from the circuit court of Franklin County's amended judgment order entered October 28, 1988, and post-trial order entered January 27, 1989, denying Harp's motion for judgment notwithstanding the verdict and motion for new trial. After a jury trial which lasted approximately five hours, the jury returned a verdict in favor of the plaintiff, Dorothy L. Carlisle, in the amount of $40,000 for the personal injury and property damage which resulted from an automobile accident with defendant.

Defendant argues as error on appeal the trial judge's refusal to grant him leave to amend his answer during trial to add an affirmative defense of the plaintiff's comparative negligence and resultant refusal to give defendant's jury instructions and special interrogatory which concerned negligence on the part of the plaintiff. The negligence defendant wished to claim was that plaintiff failed to keep a proper lookout as she entered the intersection where the accident occurred. Defendant further argues as error that the trial judge abused his discretion in denying defendant's motion for independent physical examination of the plaintiff pursuant to Supreme Court Rule 215 (107 Ill. 2d R. 215).

The automobile accident occurred at the intersection of Webster and Studell in Benton Township on April 16, 1986. The plaintiff's vehicle was traveling west on Webster while the defendant's vehicle was traveling north on Studell. Plaintiff and her husband lived on the northeast corner of Webster and Studell. The plaintiff had just pulled her vehicle into the street from their driveway and entered the intersection when she was struck. Both plaintiff and defendant testified that their visibility was hampered by vegetation on the vacant lot on the southeast corner of Webster and Studell, which was located at

plaintiff's left and defendant's right. This lot was overgrown with willows, bushes, briars and poison ivy and was referred to as "a jungle." Both plaintiff and defendant testified that the lot had been in this condition for some time. Each party also testified that he or she had no stop sign from the respective approaches to the intersection.

Plaintiff testified that as she approached the intersection she looked left and right before entering but did not slow down, because she had the right of way. She testified that she did not see the defendant's car before the impact, which crushed the front and rear doors on the driver's side of her vehicle. Her car was struck at approximately the center of the intersection. Plaintiff's car traveled through the intersection and finally came to rest in a ditch on the northwest corner of Webster and Studell.

The defendant, a rural mail carrier, was delivering mail on Studell in his 1984 Chevy Cavalier when the accident occurred. He had delivered mail on this route for many years prior to the accident. He testified that in making deliveries to the rural boxes he often drove sitting in the center of the vehicle and leaned out of the right or left window to deposit the mail.

Defendant testified that he had just made a delivery on Studell south of the intersection and was proceeding into the intersection when he first saw the plaintiff, about 10 feet before impact. He admitted that he drove into the intersection without having any idea what was coming from the right. He testified that plaintiff was looking straight ahead when he first saw her.

A neighbor, James Smith, testified that he did not see defendant slow down as he approached the intersection. However, Smith admitted that he did not actually see the accident because the porch where he was sitting was on the south side of the house.

After the accident plaintiff was treated by various physicians for back, hip and leg pain. She saw an orthopedic specialist in Wood River, Illinois, by the name of Dr. Chomirun whose evidence deposition was taken by the plaintiff 10 days prior to trial. Her local general practitioner, Dr. Bob Thompson, testified at the trial, which began on October 13, 1988. Plaintiff listed the names of both Drs. Chomirun and Thompson, along with their examination reports, in her answers to defendant's interrogatories, in January 1988. Plaintiff served Rule 220 interrogatories on the defendant concerning any expert witnesses he expected to call (107 Ill. 2d R. 220), but defendant failed at any time to answer these interrogatories. The record also indicates that defendant neither served Rule 220 interrogatories on plaintiff, nor sought to take the discovery depositions of any of plaintiff's treating

physicians.

Plaintiff's suit was filed in April 1987 and defendant filed his answer in January 1988, wherein he denied that he was the proximate cause of plaintiff's injuries and property damage. A pretrial conference was held in March 1988, during which the trial was set for October 11, 1988, with final pretrial set for October 10, 1988. No discovery cutoff was set at this first pretrial conference.

Early in September 1988, defendant's attorney sent a letter to plaintiff's attorney asking that Mrs. Carlisle be made available for physical examination by an orthopedic surgeon named Dr. Froehling, whose evidence deposition defendant then planned to take prior to trial the following month. Defendant's attorney also· inquired as to when the evidence deposition of Dr. Chomirun would be taken. When plaintiff's attorney refused to produce plaintiff voluntarily for examination by Dr. Froehling, defendant filed his Rule 215 motion. This motion was received by the court on September 28, 1988, along with a motion to continue the trial. The court denied both of defendant's motions on October 7, 1988, after argument of counsel, relying on the recent decision in *Klingler Farms, Inc. v. Effingham Equity, Inc.* (1988), 171 Ill. App. 3d 567, 525 N.E.2d 1172. Defendant renewed both motions at the final pretrial conference and the court again denied them.

At the start of defendant's opening statement to the jury on October 13, 1988, his attorney stated that there was something plaintiff actually did to cause her own injury. Plaintiff immediately objected on the grounds that plaintiff's comparative negligence was never pleaded by the defendant as an affirmative defense, and so this issue was not properly before the jury. Defendant argued at side bar that he was not required to plead comparative fault as an affirmative defense, but that the issue was raised by denying his own negligence alleged in plaintiff's complaint. The judge disagreed; however, he allowed defendant to continue his statement including reference to plaintiff's fault but reserved ruling on whether defendant could amend his answer to formally allege this affirmative defense until after he heard the evidence.

Defendant moved for a directed verdict both at the close of plaintiff's case and his own. The court denied both motions and also ruled that defendant could not amend his answer because he found insufficient proof of plaintiff's negligence to send the issue to the jury and because the motion for leave to amend was not timely.

The first issue we will address is whether the trial court erred by refusing to grant defendant's Rule 215 motion for an inde-

pendent physical examination of plaintiff. Supreme court rules regarding such medical examinations of a party read in pertinent part as follows:

> "(a) Notice; Motion; Order. In any action in which the physical or mental condition of a party *** is in controversy, the court, upon notice and *for good cause shown on motion made within a reasonable time before the trial,* may order the party to submit to a physical or mental examination by a physician suggested by the party requesting the examination ***. ***
> ***

> (c) Physician's Report. *Within 21 days after the completion of the examination, and in no event later than 14 days before trial,* the examining physician shall prepare duplicate originals of a written report of the examination, setting out his findings, results of all tests made, his diagnosis and conclusions, and deliver or mail an original of his report and of all corrections, supplements, or additions thereto, to the attorney for the party requesting the examination and a duplicate original thereof to the attorney for the party examined ***." (Emphasis added.) (107 Ill. 2d R. 215.)

The trial court has wide discretion in determining what is good cause and what is a reasonable time before trial. (*Bean v. Norfolk & Western Ry. Co.* (1980), 84 Ill. App. 3d 395, 401, 405 N.E.2d 418, 424.) The *Bean* case had similar factual circumstances to the case at bar in that the defendant's Rule 215 motion was filed less than three weeks before the trial was scheduled to start. We upheld the lower court's ruling denying the defendant's motion as not an abuse of discretion even though defendant did not learn of the change in disability diagnosis for which he would need an opposing expert opinion until it took the deposition of plaintiff's treating physician the month before trial was to begin. Because answers to interrogatories with the physician's name listed were available seven months prior to his deposition, defendant had not shown good cause or that the motion had been made within a reasonable time before trial. (*Bean,* 84 Ill. App. 3d at 402, 405 N.E.2d at 424.) In the instant case, defendant did not argue that he had just learned of a sudden change in diagnosis or extent of plaintiff's injuries, only that plaintiff would not make herself available for examination by a physician who presumably would be the defendant's expert on the extent of plaintiff's injuries. The purpose of the rule permitting the court to order a party to submit to physical or mental examination by a physician suggested by the party requesting examination is not to provide an expert witness for the litigant but to

permit discovery. *Jackson v. Whittinghill* (1963), 39 Ill. App. 2d 315, 324, 188 N.E.2d 337, 341.

It appears from defendant's argument at the pretrial conference that he was waiting until Dr. Chomirun's evidence deposition was taken by plaintiff before he scheduled plaintiff's examination by his own expert and that was what prompted the letter to plaintiff's attorney in early September. However, defendant was provided with the identity of Dr. Chomirun and all other treating physicians to date when plaintiff answered defendant's interrogatories in January 1988. A copy of Dr. Chomirun's examination report was also attached to those answers. If defendant considered Dr. Chomirun to be plaintiff's expert he could have sought the expert's opinions, bases therefore, and other information to which he would necessarily have been entitled by way of Rule 220 interrogatories. (See 107 Ill. 2d R. 220.) This begs the question, however, of why defendant failed to schedule plaintiff's examination either for discovery purposes or by his own expert, if indeed Dr. Froehling was his expert.

Defendant argued at the Rule 215 motion hearing that Rule 220 time limitations on preclusion of using an expert if not disclosed 60 days before trial did not apply if there was not a pretrial order in place setting a schedule for disclosure of experts. Defendant cited *Illini Aviation, Inc. v. Walden* (1987), 161 Ill. App. 3d 345, 514 N.E.2d 551, as authority to the court for this proposition. The trial court denied defendant's motions for physical examination and continuance of the trial, citing as grounds *Klingler Farms, Inc. v. Effingham Equity, Inc.* (1988), 171 Ill. App. 3d 567, 525 N.E.2d 1172. In *Klingler*, we held that as the purpose of Rule 220 is to facilitate trial preparation by eliminating last minute disclosure of expert witnesses, the most reasonable interpretation of Rule 220 is that expert witness disclosure is mandatory at least 60 days prior to commencement of trial regardless of a court order scheduling such disclosure. (*Klingler*, 171 Ill. App. 3d at 571, 525 N.E.2d at 1175.) If defendant proposed to use Dr. Froehling as an expert, such proposal was not timely within the parameters of Supreme Court Rule 220. We therefore find that the trial court did not err in basing its decision to deny the motions for physical examination and continuance of trial on *Klingler*.

We further find that the Rule 215 examination which must necessarily have preceded Dr. Froehling's opinion as an expert was not requested in a timely manner or under diligent circumstances. The express terms of Rule 215(c) require the examining physician's report at least 14 days before trial. This was impossible unless the court also granted defendant's motion to continue the trial. Failure to

exercise due diligence in discovery mandates denial of a requested trial continuance under Supreme Court Rule 201(f). (107 Ill. 2d R. 201(f).) We conclude on the basis of the record that defendant was not diligent in his discovery of this case and so the trial court did not abuse its discretion in denying defendant's motion for the independent physical examination of plaintiff pursuant to Supreme Court Rule 215.

 Defendant's second issue on appeal is whether the trial court erred in refusing to allow him to amend his answer to allege the comparative negligence of plaintiff, after trial had begun. Generally, "[a]t any time before final judgment amendments may be allowed on just and reasonable terms, *** adding new *** defenses, and in any *** pleading *** which may enable *** the defendant to make a defense." (Ill. Rev. Stat. 1985, ch. 110, par. 2—616(a).) Whether to allow amendment of pleadings is within the discretion of the trial court, whose determination may not be disturbed on review in the absence of abuse, upon consideration of the timeliness of the amendment and whether the opponent was prejudiced or surprised thereby. (*American Pharmaseal v. TEC Systems* (1987), 162 Ill. App. 3d 351, 360, 515 N.E.2d 432, 437.) The court's exercise of discretion should be liberally construed in favor of allowing amendments if it will further the ends of justice. (*Beauvoir v. Rush-Presbyterian-St. Luke's Medical Center* (1985), 137 Ill. App. 3d 294, 303, 484 N.E.2d 841, 846.) However, where the facts sought to be alleged on the eve of or during trial are known to the party at the time of original pleading and no good reason is offered for their not having been filed at that time, leave to amend is properly denied. (*First National Bank & Trust Co. v. Sousanes* (1978), 66 Ill. App. 3d 394, 396, 384 N.E.2d 30, 31.) There is no absolute right to amend an answer and it is not favored after trial commences. *DiBenedetto v. County of Du Page* (1986), 141 Ill. App. 3d 675, 681, 491 N.E.2d 13, 18.

██ ██ The record indicates that the defendant first raised the issue of plaintiff's negligence in his opening statement to the jury and did not request leave to amend his answer until instructed by the court at side bar that contributory negligence of the plaintiff was an affirmative defense that had to be pleaded. There is no doubt that defendant was required to plead the contributory negligence of plaintiff as an affirmative defense and that his pleadings required amendment before this issue was properly before the jury. Section 2—613(d) of the Illinois Code of Civil Procedure was amended in 1985 to add reference to contributory negligence, and states:

"(d) The facts constituting any affirmative defense, such as *** that the negligence of a complaining party contributed in

whole or in part to the injury of which he complains, *** and any ground or defense, whether affirmative or not, which, if not expressly stated in the pleading, would be likely to take the opposite party by surprise, must be plainly set forth in the answer or reply." (Ill. Rev. Stat. 1985, ch. 110, par. 2—613(d).)
While a pleading may be amended even after judgment to conform the pleading to the proofs (Ill. Rev. Stat. 1985, ch. 110, par. 2—616(c)), an affirmative defense which is not timely pleaded cannot be considered, even if the evidence suggests its existence. (*First National Bank v. Village of Mundelein* (1988), 166 Ill. App. 3d 83, 90, 519 N.E.2d 476, 481, *cert. denied* (1988), 121 Ill. 2d 569, 526 N.E.2d 829.) In the *American Pharmaseal* case the lower court was upheld on appeal for denying leave to amend defendant's answer to add a new affirmative defense at the close of plaintiff's case after the plaintiff filed a third amended complaint. The court reasoned that as the pleading defendant sought to file was substantially different from its earlier pleadings, the new defense unfairly surprised the plaintiff, who never had a chance to prepare for this defense. *American Pharmaseal*, 162 Ill. App. 3d at 353-54, 515 N.E.2d at 437.

■■■ In the instant case the plaintiff had prepared her case without any emphasis on her lack of negligence and she did not bother to deny negligence in her opening statement. The record does not indicate that defendant did not know of the facts concerning plaintiff's failure to keep a proper lookout at the time he filed his answer in January 1988. To the contrary, the record indicates that he was mistaken about the legal necessity of alleging plaintiff's negligence as an affirmative defense, which mistake he did not discover until the trial had begun. We find that this does not constitute a good reason for not filing the affirmative defense with the original pleading.

■■■ Further, that defendant merely denied that he was the proximate cause of plaintiff's injury does not necessarily imply that plaintiff was the proximate cause of her own injury, elevating that issue to the point where it can be considered by the jury. After the supreme court's abolishment of contributory negligence and adoption of comparative negligence in *Alvis v. Ribar*, a plaintiff no longer has the burden of proving that she was free from negligence as an essential part of her case. (*Casey v. Baseden* (1986), 111 Ill. 2d 341, 344, 490 N.E.2d 4, 5, citing *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 421 N.E.2d 886.) The supreme court further clarified the burden of proof issue in *Casey v. Baseden*, when it concluded that in fact the defendant now had the burden of proving the plaintiff's negligence. (*Casey v. Baseden*, 111 Ill. 2d at 347, 490 N.E.2d at 6.) The court below found both

that defendant had not proven plaintiff's negligence to such an extent that there was a jury issue of fact and that he had not asked for amendment of his answer on a timely basis. The court noted, when it denied leave to amend defendant's answer, that the merits of any affirmative defense could have been pleaded, were not pleaded and insufficient reason for failing to so plead prior to trial had been given. We therefore find that the court did not abuse its discretion in denying leave to defendant to amend his answer to assert this affirmative defense.

Because of this determination, we find that the court below did not err in failing to send the issue of plaintiff's negligence to the jury and did not err in giving plaintiff's instructions rather than defendant's instructions and special interrogatory concerning negligence on the part of the plaintiff to the jury.

For the foregoing reasons the judgment of the circuit court of Franklin County is affirmed.

Affirmed.

HARRISON and GOLDENHERSH, JJ., concur.