**Josephine B. WYLETAL,
Plaintiff–Appellant,**

**v.**

**UNITED STATES of America,
Defendants–Appellees.**

No. 89–2727.

United States Court of Appeals,
Seventh Circuit.

Argued June 14, 1990.

Decided July 11, 1990.

As Amended July 30, 1990.

Rehearing Denied Aug. 9, 1990.

Richard E. Steck, Steck & Spataro, Chicago, Ill., for plaintiff-appellant.

James Shapiro, Asst. U.S. Atty., Office of the U.S. Atty., Chicago, Ill., for defendant-appellee.

Before POSNER, FLAUM, and KANNE, Circuit Judges.

FLAUM, Circuit Judge.

Josephine Wyletal, a lively eighty-five year old widow with a cataract in her left eye, was walking eastbound on the north

side of Oakton Street in Skokie, Illinois at 11:00 a.m. on a cloudy day in November. She was not wearing her glasses. At the same time, a letter carrier for the United States Postal Service was hurriedly delivering mail by foot heading west on the north side of Oakton Street. As Mrs. Wyletal proceeded along the sidewalk, the postal carrier emerged from a recessed doorway. Neither saw the other and they collided. The impact knocked Mrs. Wyletal to the ground breaking her hip while the postal carrier, looking on in bewilderment, tried to grab her and prevent her fall.

To receive compensation for her injuries, Mrs. Wyletal filed an action under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* During the bench trial, Mrs. Wyletal and the postal carrier presented conflicting testimony as to how the collision occurred. Mrs. Wyletal testified she was hit from the back, while the postal carrier testified they collided head-on. The district court reviewed all the evidence presented and concluded that the precise way the accident occurred was a mystery but that one thing was for sure: these two people walked into each other without seeing the other. In light of parties' duties to keep a proper lookout when walking down the street so as not to collide with another person, the judge concluded both parties, by not seeing the other, breached that duty of care and were equally negligent. Pursuant to its conclusions, the district court granted approximately $40,000 in special damages and $10,000 in pain and suffering to Mrs. Wyletal. Under the doctrine of comparative negligence, however, Mrs. Wyletal received a judgment against the defendant in the amount of $25,000.[1]

Mrs. Wyletal appeals the district court's judgment. She claims there is no evidence of her comparative negligence and that the damage award was inadequate. We affirm the district court's decisions on both claims.

### I.

This Court has previously determined that the appropriate standard of review for factual findings in a Federal Tort Claims Act case is whether the district court was clearly erroneous. *Cicero v. United States*, 812 F.2d 1040, 1041 (7th Cir.1987).

Under this limited standard of review, we will not second guess a district court's factual finding unless left with the definite and firm conviction that a mistake has been committed. As long as the district court's account of the evidence is plausible in light of the record viewed in its entirety, we may not reverse it even though we are convinced that we would have weighed the evidence differently.

*Nemmers v. United States*, 870 F.2d 426, 429 (7th Cir.1989) (citations omitted).

■ Mrs. Wyletal's first claim alleges that the facts of the case do not support a finding of comparative negligence. Viewing the record as a whole we cannot conclude the district court's findings were clearly erroneous. The district judge was presented with conflicting evidence. Mrs. Wyletal stated she was hit from the back and the mail carrier insisted it was a head-on collision. The district judge was persuaded that the key fact was that neither party saw the other. From this finding, he concluded that both parties were equally at fault. To reach this result, the judge clearly determined that, although he couldn't tell precisely how the crash occurred, the collision was such that either party could have avoided it had they been looking. This is the only logical conclusion that can be read from the judge's findings since he found both parties breached their duty to keep an adequate lookout. This factual finding by the district court is surely plausible, and we are not left with "the definite and firm conviction that a mistake has been committed." *Id.* at 429. Accordingly, the

---

1. A case brought under the Federal Torts Claim Act is governed by "the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b); *see Campbell v. United States*, 904 F.2d 1188, 1191 (7th Cir.1990). The district court, therefore, appropriately noted that the Illinois Supreme Court has adopted the doctrine of comparative negligence in *Alvis v. Ribar*, 85 Ill.2d 1, 52 Ill.Dec. 23, 421 N.E.2d 886 (1981) and applied that law to this case.

district court's findings of comparative negligence are not clearly erroneous.

█ Mrs. Wyletal's other claim on appeal is that the district court's award of damages was inadequate. In review of this claim, we note that "while the components and measure of damages in a Federal Tort Claims Act case is taken from the law of the state where the tort occurred, an award of damages is a factual finding, protected by Rule 52(a)." *Ingraham v. United States*, 808 F.2d 1075, 1081 (5th Cir.1987) (citation omitted). Therefore, an "appellate court will only set aside the district court's findings when those findings are clearly erroneous." *DePass v. United States*, 721 F.2d 203, 205 (7th Cir.1983) (district court's denial of damages for alleged increased risk of cardiovascular disease not clearly erroneous).

█ Based on the record before us, we cannot say that the district court's damage calculation was clearly erroneous. The trial court considered all the evidence presented at the bench trial and awarded the full amount of Mrs. Wyletal's medical bills to her, approximately $40,000. The award was decreased by fifty percent because of her comparative negligence, a finding we held earlier to not be clearly erroneous.

The remainder of the damages granted, $10,000, was an award for pain and suffering. It too was reduced fifty percent due to Mrs. Wyletal's comparative negligence. The district court's award of damages for pain and suffering was also based on factual findings that cannot be disturbed unless clearly erroneous. *See Leeper v. United States*, 756 F.2d 300, 307 (3rd Cir.1985). The judge, in granting his award, considered all the evidence before him. He considered Mrs. Wyletal's testimony that her pain "was murder" the first few months as well as evidence of continued pain and decreased mobility. He weighed this evidence against his own observations of Mrs. Wyletal in the courtroom and awarded her $10,000 in pain and suffering.

Although we may have made different factual findings related to pain and suffering, the appropriate standard of review does not allow us to substitute our findings for those of the district court. Rather, we must assess whether the district court's findings are sufficiently supported by the record. We conclude the district court's findings are sustained by the evidence in the record. Therefore, although the district court's award for pain and suffering may be on the low side of what we would grant, it is not clearly erroneous.

## II.

For the foregoing reasons, the district court's finding of fifty percent comparative negligence and its award of damages is AFFIRMED.

POSNER, Circuit Judge, dissenting.

It is natural to want to give short shrift to a small case. The district judge succumbed to the temptation, embodying the findings of fact that Rule 52(a) of the Federal Rules of Civil Procedure required him to make in an unedited oral opinion that neither demonstrates that he performed his proper function as the trier of fact nor provides an adequate predicate for our performance of the appellate function.

There were two versions of what happened here. The plaintiff's, Mrs. Wyletal's, was that she was walking on the sidewalk nine feet from the row of storefronts from which the defendant's postman, Mr. Plost, emerged and that he walked into her, presumably at right angles although her impression was of being struck in the back. Plost's version of the accident was that Mrs. Wyletal was hugging the storefronts and walked into him as he stepped out from a recessed doorway, his view of her blocked by the angle that the recess made with the inner part of the sidewalk. If her version is correct, Plost was negligent and she was not, and she is entitled to 100 percent of her damages. If his version was correct, she was negligent and Plost not, and she is entitled to nothing.

The district judge was unable to make up his mind whom to believe. "I'll tell you, I haven't been able to reconcile, given the conflicting testimony, how this accident

happened other than the fact that both people were equally negligent." But if he couldn't figure out how the accident had happened, he couldn't determine their relative negligence. What is more, there were only two versions of the accident, and in neither were the parties equally negligent. The judge seems just to have thrown up his hands in despair of being able to find the facts in this case.

It might not be a bad rule to discount an award of damages by the probability that the plaintiff was really entitled to the award. So if a plaintiff's damages were $100,000, and the trier of fact was 90 percent confident that the plaintiff had in fact been wronged, the plaintiff would be awarded $90,000; and if the trier of fact was only 50 percent confident, $50,000. Something like this is actually done, on occasion, see *AMPAT/Midwest, Inc. v. Illinois Tool Works Inc.*, 896 F.2d 1035, 1044 (7th Cir.1990), and cases cited there; and there are parallels to the way in which courts decide whether to issue a preliminary injunction. *American Hospital Supply Corp. v. Hospital Products Ltd.*, 780 F.2d 589, 593–94 (7th Cir.1986). Another possibility would be to bring back the old admiralty rule and make each party to a collision bear exactly one half the total damages caused by it. *The Schooner Catharine v. Dickinson*, 58 U.S. (17 How.) 170, 15 L.Ed. 233 (1855), overruled by *United States v. Reliable Transfer Co.*, 421 U.S. 397, 95 S.Ct. 1708, 44 L.Ed.2d 251 (1975).

But none of these is an authorized approach to deciding which of two versions of an accident is correct. The approach to that question is given by the rules on burden of proof. The plaintiff in a negligence case has the burden of proving the defendant's negligence by a preponderance of the evidence, meaning (so far as relevant here) that if the trier of fact is left in equipoise by the evidence bearing on the defendant's negligence, he must award judgment to the defendant. Should the trier of fact find that the defendant was negligent, the defendant then has the burden of proving, also by a preponderance of the evidence, *Casey v. Baseden*, 111 Ill.2d 341, 95 Ill.Dec. 531, 490 N.E.2d 4 (1986), that the plaintiff was negligent too. Now we see just how impossible the district judge's analysis in this case is. If he really had no clue to who was telling the truth, this would have meant that the plaintiff had failed to move him off dead center, and his judgment should have been for the defendant. If he thought on balance that there was some negligence by the defendant, but remained irremediably irresolute as to the plaintiff's negligence, he should have awarded the plaintiff all her damages, because the defendant would have failed to establish contributory negligence by a preponderance of the evidence. If he thought that both stories were true, then both parties were negligent and his award of partial damages would be defensible; but if he thought that, he also thought the collision took place in non-Euclidean space.

The likeliest inference is that the judge didn't think the case worth the care and attention that would be required to decide, with reasonable though of course not complete confidence, what happened. This is an understandable response, since the stakes are modest by the standards of modern federal litigation and the only issues ones of state law. But it is not a justifiable response. The case was squarely within the jurisdiction of the district court, and would be even if ambitious proposals to overhaul federal jurisdiction were adopted. The federal government will not expose itself to suit in state court, and has a good reason for refusing to do so: a suit by a state resident against the federal government would offer the state court the tempting prospect of being able to shift the costs of the accident from a local constituent to the federal taxpayer at large. Finally, this is not a petty case, fit only for small-claims court. Although the district judge assessed the plaintiff's damages at only $50,000, she had a colorable claim to a much greater amount.

And speaking of damages, the $10,000 that the judge awarded for pain and suffering was shockingly small. An 85 year old woman broke her hip and as a result must use a walker to walk, and a bar in the

bathroom to lift herself from the toilet seat, and she has suffered pain and the aggravation of a bladder condition. As the saying goes, old age is not for sissies; and an 85 year old can expect pain and suffering even if she does not break her hip. But Mrs. Wyletal is now almost 90, so that the judge's award comes out to only about $2,000 a year. I am sure she would have paid more than that to have been spared an accident that broke her hip.

She deserves a better shot from the federal courts. I would reverse the judgment and remand to the district court for further findings.