CONSTANCE BAUER, Plaintiff-Appellant, v. ELIZABETH HUBBARD *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—90—0774

Opinion filed February 13, 1992.—Rehearing denied May 28, 1992.

Maurice M. Dore and John N. Dore, both of Dore & Rothschild, of Chicago, for appellant.

Karla Wright, Ltd., of Chicago (Karla Wright, of counsel), for appellees.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Constance Bauer, brought an action against defendants, Elizabeth Hubbard and Elizabeth Hubbard, Ltd., her former attorney, personally and in her corporate identity (hereinafter, collectively, Hubbard). Plaintiff sought recovery for legal malpractice. The circuit court of Cook County granted Hubbard's motion for summary judgment. Plaintiff's appeal is taken from the grant of the motion for summary judgment.

Plaintiff was a secretary in the Chicago Title & Trust Company's (the Company's) Chicago office from 1948 to 1983. She became secretary to the general counsel and remained in that position until the general counsel's retirement in early 1983. Plaintiff remained on staff as a general clerical worker but was never reassigned to a secretarial position. Plaintiff claims that during this period, the Company committed various unlawful acts of age discrimination against her. Plaintiff found herself unable to cope with her work environment and took a leave of absence from which she never returned. During this leave of absence, she contacted Hubbard.

Hubbard entered into a written contract with plaintiff on or about November 6, 1983. It was concluded on August 27, 1984. The agreement was to represent plaintiff in an age discrimination claim against her former employer, the Company. The relevant provisions are as follows:

> "4. I understand that my case may be of a highly conjectural nature and that ELIZABETH HUBBARD has made no guarantees or representations concerning the outcome of this case.
>
> 5. Any appeal shall be negotiated separately from this agreement."

When the parties entered into the contract, Hubbard stated that she knew plaintiff may be unable to prove a *prima facie* case. The fact that the phrase "highly conjectural" was included in the contract implied to plaintiff that Hubbard knew the issues of liability and damages were "highly conjectural" prior to filing the Federal age discrimination suit. At the time the case was filed, Hubbard knew that plaintiff had to establish a *prima facie* case or she could not recover under the Federal

statute. According to plaintiff, Hubbard was of the opinion that damages were not an element of a *prima facie* case of age discrimination.

Hubbard filed plaintiff's complaint in the Federal court in Chicago. She contends that the basic premise of plaintiff's action against the Company was that it demoted, constructively discharged, or failed to promote plaintiff because of her age. The Company denied the charges but at the end of discovery it offered $7,500 in settlement. Plaintiff's refusal of the offer was against the advice of Hubbard. The result was summary judgment being granted to the Company on the ground that plaintiff had no evidence to support a *prima facie* case of discrimination. The United States district judge ruled that plaintiff's job performance did not meet the Company's expectations and that the Company did not take detrimental employment action against plaintiff. Plaintiff again refused Hubbard's suggestion to attempt a settlement.

Hubbard agreed to represent plaintiff in her appeal. On January 14, 1986, the parties entered into a separate written contract concerning an appeal of the order of the United States district court. The order granted the Company a summary judgment in the case of Constance Bauer v. Chicago Title and Trust (U.S. Dist. Ct.), No. 84—C—9219. An agreement was written to that effect which required plaintiff to pay $4,000 in legal fees plus expenses. The Federal judge was overruled on the issue of job performance. The United States Court of Appeals for the Seventh Circuit found plaintiff's performance acceptable. However, the entry of summary judgment was affirmed on the ground that plaintiff had not shown detrimental employment action by the Company. Plaintiff's *pro se* petition for rehearing was denied.

At the time the Federal suit was filed, plaintiff had been an at-will employee, subject to the personnel policy of her employer. Further, plaintiff's boss had retired and had not been replaced. Plaintiff was reassigned with no change in her pay or job grade. When plaintiff filed the lawsuit against her employer, she knew that her continued leave of absence would result in her dismissal, given the policy at the Company. In keeping with its policy, the Company terminated plaintiff. Plaintiff claims that Hubbard was aware of the aforementioned facts when the Federal suit was filed.

After losing her case, plaintiff filed a legal malpractice action against Hubbard on January 6, 1988. In the circuit court of Cook County, two of the three original counts were dismissed. On July 1, 1988, plaintiff filed an amended count I (breach of contract) which Hubbard answered on September 14, 1988. A motion for summary judgment was filed by Hubbard on January 3, 1989, which was supported by an affidavit. The affidavit responded to plaintiff's claim that Hubbard's

malpractice resulted in the award of summary judgment. Judge Lassers denied plaintiff's motion to strike the affidavit of Hubbard.

A response was filed by plaintiff on September 18, 1989. It was supported by the affidavit of plaintiff's expert, attorney John W. Gerstner. In his opinion, Hubbard charged plaintiff an unreasonable fee. The trial court granted the motion for summary judgment on February 16, 1990. It did not rule on the motion to strike the affidavit of plaintiff's expert or as to the existence of disputed facts, but, rather, that the plaintiff's case was not pleaded properly. Plaintiff's complaint as pleaded contains a breach of contract count and a negligence count, and a contention that Hubbard breached her fiduciary duty.

On appeal, plaintiff contends that the trial court erred in granting summary judgment in favor of Hubbard by (1) ignoring the basis of recovery for Hubbard's acts of legal malpractice; (2) shifting the burden of proof during the hearing on the motion from the defendants-appellees to the plaintiff-appellant; (3) finding that there were no issues of fact that needed to be resolved by a trial on the merits.

We affirm.

The standard for reversal of the judgment of a trial court is deferential. This court will not reverse a ruling of the trial court unless it is manifestly against the evidence in the record. Such a ruling will only be considered against the manifest weight of the evidence when there should have been an opposite conclusion or the trial court's findings appear to be unreasonable, arbitrary or not based on the evidence. (*Freese v. Buoy* (1991), 217 Ill. App. 3d 234, 244.) We find that the trial court's order granting Hubbard's motion for summary judgment was not against the manifest weight of the evidence. Therefore, we affirm.

■ Plaintiff contends that she had a distinct basis of recovery due to Hubbard charging excessive fees and violating her fiduciary duty. Plaintiff's claim of being charged an excessive fee is supported by the affidavit of her expert, attorney John W. Gerstner. He supports his opinion with the Rules of Professional Conduct:

"Whether a fee is excessive is determined after consideration of the factors enumerated in Rule 2—106(b):

'(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood that the acceptance of the particular employment would preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.' " *In re Doyle* (1991), 144 Ill. 2d 451, 463-64, quoting 87 Ill. 2d Rules 2—106(b)(1) through (b)(8), in effect until August 1, 1990, when they were superseded by Rule 1.5 of the Illinois Rules of Professional Conduct (134 Ill. 2d R. 1.5).

Given the number of factors to consider, it takes one with a great degree of familiarity with a case to make an informed opinion as to whether or not an excessive fee was charged. The conclusory nature of the affidavit of plaintiff's expert suggests that he did not thoroughly consider all of the above factors in forming his opinion. The relevant portion of his affidavit is as follows:

"8. It is my opinion that Elizabeth L. Hubbard deviated from the applicable standards of professional responsibility, and consequently the applicable standard of care for an attorney, because she billed and collected from Constance C. Bauer over $12,000.00 on a highly conjectural claim and she did not itemize the purpose or amount of the expenditures. The bases [*sic*] of this opinion is that without knowing the purposes or amounts of expenditures I am left with a definite and firm conviction that billing and collecting over $12,000.00 for a highly conjectural claim in which not a good result was obtained is not reasonable."

Plaintiff also claims that Hubbard violated her fiduciary duty to plaintiff. A fiduciary relationship exists either as a matter of law or where the facts clearly indicate a dominant-subservient relationship between the parties. (*Singer v. Brookman* (1991), 217 Ill. App. 3d 870, 878.) The fiduciary duty obligates the attorney to perform his services with the highest degree of honesty, fidelity, and good faith. Further, it holds the attorney responsible for damages resulting from the breach of this duty. (*Schmidt v. Landfield* (1959), 23 Ill. App. 2d 55, 59-60, *aff'd* (1960), 20 Ill. 2d 89.) The trial court found that Hubbard's fees were not excessive nor was there a breach of Hubbard's fiduciary duty. We hold that the trial court's findings were not against the manifest weight of the evidence.

Next, plaintiff contends that the trial court wrongly treated Hubbard's motion for summary judgment as requesting dismissal without an opportunity to replead. There was no opportunity because there was no

question that plaintiff's complaints were well pleaded. "Summary judgment is properly granted if the pleadings, depositions, and admissions on file, together with any affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Schnering v. Midlothian Park District* (1991), 219 Ill. App. 3d 664, 666, citing Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c).

■ However, a plaintiff cannot defend against a motion for summary judgment by presenting evidence on issues which are not pleaded in his complaint. (*Walsh v. Walsh* (1939), 372 Ill. 254, 255-56; see also *Carlisle v. Harp* (1990), 200 Ill. App. 3d 908.) The trial court found that this is what occurred in the case at bar. The trial court alluded to the futility of this type of defense in a colloquy with counsel for plaintiff. The relevant portion is as follows:

> "THE COURT: Counsel [for plaintiff], that's not the case you pleaded. I'm sorry Mr. Dore, but that is not the case you pleaded.
>
> The case that you pleaded was the opposite. You pleaded that Ms. Bauer had a good case that could have been won and it was lost because of the malpractice of Ms. Hubbard. And then when Ms. Hubbard comes along and says by affidavit her position was so on and so forth, that I did all of the things I was supposed to do, and in particular I spoke to those people that the plaintiff says I should have spoken to, and I did this and I did that, then the plaintiff comes in and says, well—you say now 'the case was hopeless and you never should have taken it in the first instance.'
>
> Now maybe there is and maybe there is not a cause of action that you have here. But that is not the cause of action you pleaded in your complaint or your amended complaint.
>
> I am going to grant the motion."

The trial court granted Hubbard's motion for summary judgment despite plaintiff's additional allegations that Hubbard should have known that plaintiff's case was without merit. These additional allegations were unsupported by the evidence and therefore did not provide a basis for a denial of Hubbard's motion. "[U]nsupported allegations in a complaint do not raise a question of fact where affidavits and depositions in support of a motion for summary judgment contain evidentiary facts to the contrary." (*Pearson v. Partee* (1991), 218 Ill. App. 3d 178, 183.) Given these unsupported allegations, we find that the trial court's decision to grant Hubbard's motion for summary judgment was not against the manifest weight of the evidence.

■■ As stated in Hubbard's affidavit, a *prima facie* case of age discrimination under the Age Discrimination in Employment Act has four elements:

"a. Plaintiff was in the protected age bracket (40 to 70);

b. Plaintiff's job performance met her employer's reasonable expectations;

c. Detrimental employment action (e.g., actual or constructive discharge, demotion or failure to promote) was taken despite plaintiff's performance; and

d. The defendant employer sought a replacement for plaintiff."

See also *Johnson v. University of Wisconsin-Milwaukee* (7th Cir. 1986), 783 F.2d 59, 63.

Plaintiff specifically argues that Hubbard stated that it was not necessary to prove such a replacement as a part of the case. The record contains the following colloquy among plaintiff's counsel, Hubbard's counsel and Hubbard:

"Q. [PLAINTIFF'S COUNSEL:] And it is your position as I understand it, Miss Hubbard, that because Miss Werkemeister effectively followed Mr. Gaines [*sic*] into his new promotion as his secretary and that constituted a replacement of Miss Bauer. Is that what you're saying?

MS. WRIGHT [DEFENDANTS' COUNSEL]: Asked and answer [*sic*] a million times.

A. THE WITNESS [DEFENDANT]: No."

The record does not indicate plaintiff's contention that Hubbard stated that proof of replacement was an unnecessary part of the case. Plaintiff cites several other instances where Hubbard's alleged actions or statements were conflicting or caused plaintiff legal detriment. These allegations are not supported by what is contained in the record. The trial court did not find that any of these arguments presented material issues of fact requiring a trial on the merits. We hold that the finding of the trial court was not against the manifest weight of the evidence.

For the foregoing reasons, we affirm the trial court's order granting Hubbard's motion for summary judgment.

Affirmed.

LINN and McMORROW, JJ., concur.