ILLINI AVIATION, INC., Plaintiff-Appellant, v. BRUCE WALDEN, as the Building Official, City of Urbana, Defendant (Illinois Power Company, Defendant-Appellee).

Fourth District   No. 4—87—0230

Opinion filed September 30, 1987.

Lawrence E. Johnson, of Lawrence E. Johnson & Associates, P.C., of Champaign, for appellant.

Arnold F. Blockman, of Hatch, Blockman, McPheters, Fehrenbacher & Lyke, of Champaign, for appellee.

JUSTICE GREEN delivered the opinion of the court:

Plaintiff, Illini Aviation, Inc., appeals from an order of the circuit court of Champaign County entered on March 3, 1987, directing it to pay $619.74 to defendant Illinois Power Company to cover expenses incurred by that defendant as a result of claimed tardiness by plaintiff in disclosing an expert witness. We reverse.

Plaintiff brought suit on December 5, 1985, to enjoin the city of Urbana from issuing a permit to Illinois Power Company to construct a microwave tower. Discovery then ensued and concluded approximately the end of November 1986. On December 3, 1986, following presentation of its case in chief, plaintiff notified defendant that it recently learned of an expert witness it planned to call in rebuttal. While there was no evidence of bad faith involved, defendant moved to exclude the expert's testimony due to the untimeliness of the disclosure. Rather than bar the testimony, however, the trial judge decided to impose a lesser penalty and requested that plaintiff reimburse defendant for deposition expenses.

Plaintiff presents two issues for review: (1) whether the trial court erred in concluding plaintiff had violated a discovery rule or order; and (2) whether the trial court abused its discretion in ordering plaintiff to pay deposition costs.

Supreme Court Rule 220 contains a number of time limitations to insure that parties reveal the identity of their expert witnesses

prior to trial. (107 Ill. 2d R. 220.) Once a party determines the substance of his witness' opinion, for instance, the party must disclose the expert within 90 days after such determination or at the pretrial conference, whichever date is later. (107 Ill. 2d R. 220(b).) Also, the rule mandates the court to set up a schedule for the disclosure of expert witnesses so that discovery may be completed at least 60 days prior to the commencement of trial.

■■ The evidence in this case indicates plaintiff first ascertained the views of its expert witness shortly before the trial began. In less than a week, plaintiff decided it had to call the expert as a rebuttal witness, and it notified defendant of that decision well within the 90-day limitation period. The trial court also had not provided a calendar for disclosure, so no discovery order existed for the plaintiff to disobey. Therefore, we conclude there has been no violation of Supreme Court Rule 220. 107 Ill. 2d R. 220(b).

■■ Plaintiff next contends the court abused its discretion in ordering it to pay defendant's deposition costs. Supreme Court Rule 219 gives courts the power to sanction a party for any unreasonable refusal to comply with a discovery rule or order; included as a sanction is the payment of expenses incurred "as a result of the misconduct." (107 Ill. 2d R. 219(c).) Since plaintiff did not violate any discovery rules or orders, we conclude the court abused its discretion when it ordered plaintiff to reimburse defendant for deposition expenses.

For the foregoing reasons, the order of the trial court imposing sanctions against plaintiff is hereby reversed.

Reversed.

SPITZ, P.J., and LUND, J., concur.