*In re* MARRIAGE OF NANCY S. GORSICH, Petitioner-Appellee and ROBERT E. GORSICH, Respondent (Barbara Hirsch, Appellant).

Second District   No. 2—90—0303

Opinion filed February 8, 1991.

Barbara Hirsch, of Chicago, appellant *pro se.*

E. William Bedrava, of Bedrava, Lyman & Van Epps, of Oak Brook, for appellee.

JUSTICE DUNN delivered the opinion of the court:

Barbara Hirsch (Hirsch) appeals from an order of the circuit court of Du Page County awarding her $4,553.28 in attorney fees for her representation of petitioner, Nancy Gorsich, in a dissolution of marriage action. On appeal, Hirsch argues that the trial court erred by failing to enforce the terms of her fee agreement with petitioner and by allowing petitioner to call an expert witness to testify who had not been timely disclosed pursuant to Supreme Court Rule 220(b)(1) (134 Ill. 2d R. 220(b)(1)). We reverse and remand.

Hirsch represented petitioner in the marital dissolution action from December 1983 until August 1987, when petitioner discharged her. She submitted fee petitions to the trial court, which scheduled a trial on the matter for February 23, 1990. A judgment for dissolution of petitioner's marriage had already been entered at the time of trial.

At trial, Hirsch testified that she had spent 192¼ hours working on petitioner's case, as set forth in the fee petitions. Additionally, she

had incurred $1,444.28 in expenses. Petitioner had signed a fee agreement in which she provided that she would compensate Hirsch at a rate of $160 per hour plus reimbursement of expenses. The trial court did not permit Hirsch to introduce the fee agreement into evidence. Petitioner had already paid $18,176 of this amount; therefore, Hirsch was seeking the balance due, or $14,028.11.

William Stogsdill, an attorney who had practiced family law in Du Page County since 1977, was called by petitioner to testify. Hirsch objected on the basis that Stogsdill had not been disclosed as an expert witness pursuant to Supreme Court Rule 220(b)(1) (134 Ill. 2d R. 220(b)(1)). The trial court denied the objection and permitted Stogsdill to testify.

According to Stogsdill, the reasonable hourly rate for attorneys practicing family law in Du Page County in 1984 was $75 to $100. This rose to $100 to $125 in 1985, and $125 to $150 in 1987.

The trial court awarded Hirsch $100 per hour for 140¾ hours of time spent working on the case in the office and $140 per hour for 51½ hours of time out of the office. Additionally, the court determined she was entitled to $1,444.28 in expenses. After crediting petitioner $18,176, the amount she had already paid Hirsch, the final award was $4,553.28. Hirsch, who had sought $14,028.11, now appeals.

■ As a preliminary matter, we note that on August 16, 1989, the trial court entered an order stating that the hearing on Hirsch's petition for attorney fees would be held before judgment was entered in the dissolution action. The trial court, however, entered judgment in the dissolution action on November 27, 1989, prior to conducting the hearing on Hirsch's claim for attorney fees. The judgment order stated that each party would pay its own fees. Hirsch contends that the trial court improperly ignored its own order and deprived her of the opportunity to seek her fees, or a portion thereof, from respondent, Robert Gorsich, pursuant to section 508 of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1989, ch. 40, par. 508). Although Hirsch had opportunities to raise this issue in the trial court, she failed to do so. Issues not raised in the trial court are generally waived and cannot be raised for the first time on appeal. (*In re Marriage of Rodriguez* (1989), 131 Ill. 2d 273, 279; *Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 500.) Hirsch has therefore waived this issue.

■ Hirsch also contends that William Stogsdill should not have been permitted to testify because petitioner violated Supreme Court Rule 220(b)(1) (134 Ill. 2d R. 220(b)(1)) by failing to disclose him as an

expert witness prior to trial. The rule states in relevant part as follows:

> "[T]he identity of an expert who is retained to render an opinion at trial on behalf of a party must be disclosed by that party either within 90 days after the substance of the expert's opinion first becomes known to that party or his counsel or, if the substance of the expert's opinion is then known, at the first pretrial conference in the case, whichever is later. In any event, as to all expert witnesses not previously disclosed, the trial court, on its own motion, or on the motion of any party after the first pretrial conference, shall enter an order scheduling the dates upon which all expert witnesses, including rebuttal experts, shall be disclosed. *** All dates set by the trial court shall be chosen to insure that discovery regarding such expert witnesses will be completed not later than 60 days before the date on which the trial court reasonably anticipates the trial will commence." 134 Ill. 2d R. 220(b)(1).

The circumstances of this case are similar to those of *Illini Aviation, Inc. v. Walden* (1987), 161 Ill. App. 3d 345, and *Klingler Farms, Inc. v. Effingham Equity, Inc.* (1988), 171 Ill. App. 3d 567. In each of the cases, a party retained an expert or experts either shortly before the trial commenced or after the trial had started. Thus, the 90-day deadline in Rule 220(b)(1) did not come into play. Additionally, in each case, the trial court failed to set a schedule for the disclosure of expert witnesses as mandated by the rule.

In *Illini Aviation*, the court held that, under these circumstances, there was no violation of Rule 220. (*Illini Aviation*, 161 Ill. App. 3d at 347.) The court in *Klingler Farms* declined to follow *Illini Aviation* and concluded that if the trial court fails to set a schedule for disclosure of expert witnesses, Rule 220 (b)(1) requires such disclosure at least 60 days prior to the commencement of trial. (*Klingler Farms*, 171 Ill. App. 3d at 571.) In so holding, the court stated as follows:

> "To hold otherwise would allow the disclosure of expert testimony at any time, even after the trial had commenced, as long as such disclosure was within 90 days of learning of the substance of his opinion. Such a rule would completely abrogate the intent of Rule 220." 171 Ill. App. 3d at 571.

█ We agree with the reasoning in *Klingler Farms*. The purpose of Rule 220 is to facilitate trial preparation by eliminating last-minute disclosure of expert witnesses. (*Mitchell v. Wayne Corp.* (1989), 180 Ill. App. 3d 796, 800.) Following *Illini Aviation* would allow this purpose to be frustrated in cases in which the trial court fails to set dis-

closure deadlines, and we therefore decline to follow that holding.

■ This court has previously stated that there is clearly a point in time prior to the beginning of trial by which all expert witnesses must be disclosed. (*Mitchell*, 180 Ill. App. 3d at 801-02.) In *Klingler Farms*, the court concluded that if the trial court does not set a schedule for disclosure of experts, that point is 60 days prior to trial. (*Klingler Farms*, 171 Ill. App. 3d at 571.) The language of Rule 220(b)(1), however, contemplates disclosure at a point which will "insure that discovery regarding such expert witnesses will be completed not later than 60 days before the date on which the trial court reasonably anticipates the trial will commence." (134 Ill. 2d R. 220(b)(1).) We therefore hold that if a trial court does not set deadlines for disclosure of expert witnesses, such disclosure must occur in time to enable discovery concerning the witnesses to be completed at least 60 days prior to trial. Since petitioner did not disclose Stogsdill until the date of trial, she failed to do this and therefore failed to comply with the rule.

■ The last sentence of Rule 220(b)(1) states, "[f]ailure to make the disclosure required by this rule or to comply with the discovery contemplated herein will result in disqualification of the expert as a witness." (134 Ill. 2d R. 220(b)(1).) This court has therefore previously held that if a party violates the above rule by failing to disclose an expert witness in timely fashion, the expert must be barred from testifying unless this would cause a manifest injustice. (*Phelps v. O'Malley* (1987), 159 Ill. App. 3d 214, 224.) As there is no indication a manifest injustice would have resulted if Stogsdill had been barred from testifying, the trial court erred by failing to do so in light of petitioner's failure to disclose him as an expert witness until trial. Hirsch is therefore entitled to a new trial at which Stogsdill shall be barred from testifying.

■ Hirsch additionally contends that the trial court erred by failing to enforce the terms of her fee agreement with petitioner, which provided for compensation at the rate of $160 per hour. In the case at bar, Hirsch was proceeding under section 508(a) of the Act (Ill. Rev. Stat. 1989, ch. 40, par. 508(a)), which authorizes an attorney in a pending dissolution action to recover earned fees from her client or the other party. (*Gitlin v. Hartmann* (1988), 175 Ill. App. 3d 805, 809.) Section 508(a), however, only authorizes the trial court to award "a reasonable amount" for attorney fees and costs. (Ill. Rev. Stat. 1989, ch. 40, par. 508(a).) Therefore, as this court pointed out in *Gitlin*:

"[R]etention agreements stating hourly rates are commonplace

in divorce cases, and such agreements have never precluded the courts of this State from reducing attorney fees where a court deems such fees were not reasonable for the services rendered or necessary." *Gitlin*, 175 Ill. App. 3d at 809.

■ Upon remand, the court is to award Hirsch a reasonable attorney fee for the services rendered. We agree with Hirsch, however, that the trial court should have permitted her to introduce the fee agreement with petitioner into evidence, as the agreement and the fact petitioner executed it are relevant in determining the reasonableness of Hirsch's fee request. Upon remand, the fee agreement shall be admitted into evidence.

For the reasons stated above, the judgment of the circuit court of Du Page County is reversed, and the cause is remanded for a new trial.

Reversed and remanded.

WOODWARD and UNVERZAGT, JJ., concur.