Carl CICERO, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 86–2503.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 27, 1987.

Decided Feb. 25, 1987.

---

Michael L. Bolos, Michael L. Bolos, Ltd., Chicago, Ill., for plaintiff-appellant.

Linda A. Wawzenski, Asst. U.S. Atty., Anton R. Valukas, U.S. Atty., Chicago, Ill., for defendant-appellee.

Before POSNER, FLAUM, and MANION, Circuit Judges.

FLAUM, Circuit Judge.

The plaintiff, Carl Cicero, brought suit against the United States pursuant to 28 U.S.C. § 1346(b) (1982), alleging that he was injured by the negligence of the defendant's agents and employees at the Lakeside Veterans Administration Hospital. After a bench trial, the district court held that the plaintiff had failed to meet his burden in showing that the defendant's actions deviated from the proper standard of care. The district court also found that even if the plaintiff had proved such a deviation, he failed to prove that the defendant's actions caused his alleged injuries. The plaintiff appeals the district court's judgment, and we affirm.

## I

On November 29, 1978, the plaintiff was admitted to Lakeside Hospital where he underwent a patellectomy (removal) of his right kneecap. This surgery was successful and the appellant does not allege any malpractice as to that surgery or to the in-hospital care after the surgery.

The appellant alleges, however, medical malpractice as to the physical therapy he received following his surgery on November 29, 1978. He alleges that he was not instructed as to the proper rehabilitation exercises and, as a result, he suffered injury. The sole issue in this case is whether the district court was clearly erroneous in holding that the plaintiff received proper physical therapy after his surgery.

Because the district court's opinion is reported, *Cicero v. United States*, 639 F.Supp. 1520 (N.D.Ill.1986), we only briefly summarize its findings as to the appellant's physical therapy. After a patellectomy, patients are immobilized for six weeks; after that period, range of motion exercises can begin. Range of motion exercises are instituted to increase the arc of flexion, which is the number of degrees a patient is able to bend his or her leg back so that the heel touches the back of the thigh. For example, if a patient can bring his or her heel to the back of the thigh, the arc of flexion is about 135 degrees. The greater the arc of flexion the better off the patient.

The district court concluded that on January 8, 1979, the defendant told the plaintiff to begin range of motion exercises. As of January 8, 1979, the plaintiff's arc of flexion was 30 degrees. Throughout the spring of 1979, the plaintiff's arc of flexion improved. By March 30, 1979, his arc of flexion reached 45 degrees. On June 15, 1979, his arc of flexion was 40 degrees.

## II

■ Initially, we must set forth our standard of review of the lower court's judgment. We conclude that the appropriate standard of review is whether the district court was clearly erroneous. This standard applies both to the district court's determination as to the appropriate standard of care, *Hernandez v. United States*, 636 F.2d 704, 707 (D.C.Cir.1980), and to its conclusion that this standard was met (i.e. whether the defendant was negligent), *see Wakefield v. United States*, 765 F.2d 55, 56–57 (5th Cir.1985). The appellant is, therefore, asking this court to conclude that the district court was clearly erroneous in holding that the United States did not deviate from the proper standard of care. We decline the appellant's invitation to reverse the district court and, therefore, affirm.

■ The district court found that the experts did not disagree as to the proper standard of care.[1] Both experts agreed

---

1. This suit was brought pursuant to the Federal Tort Claims Act, which requires that plaintiff's cause of action be governed by state substantive law. 28 U.S.C. § 1346(b) (1982). In this case,

that range of motion exercises are a necessary part of postoperative care following a patellectomy and that such exercises should commence at six weeks after surgery. The experts disagreed, however, about whether, based upon plaintiff's medical chart, he was instructed to begin range of motion exercises in a timely fashion. The district court concluded that the plaintiff was in fact instructed to begin range of motion exercises after six weeks from the date of his surgery.

The district court based its factual finding that the appellant was instructed to commence range of motion exercises at the proper time on several factors. First, the district court found that the plaintiff's expert's testimony was "confusing and at most contradict[ed] the evidence." *Cicero,* 639 F.Supp. at 1524. The district court also felt that the plaintiff's expert's testimony contradicted the plaintiff's medical record. Finally, the district court concluded that the government's expert witness was the more credible witness. "[W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." *Anderson v. City of Bessemer City,* 470 U.S. 564, 575, 105 S.Ct. 1504, 1513, 84 L.Ed.2d 518 (1985). Because the district court's account of the evidence ·is "plausible," we conclude that the district court was not clearly erroneous in finding that the defendant did not deviate from providing

plaintiff with the appropriate standard of care.[2]

AFFIRMED.

---

the parties do not dispute that Illinois law controls. The Illinois Supreme Court has stated that a "plaintiff, by the use of expert testimony must establish the standards of care against which the defendant doctor's conduct is measured." *Borowski v. Von Solbrig,* 60 Ill.2d 418, 328 N.E.2d 301, 304–05 (1975). The plaintiff must then prove that the defendant negligently failed to comply with these standards. *Mayer v. Baisier,* 147 Ill.App.3d 150, 100 Ill.Dec. 649, 652, 497 N.E.2d 827, 830 (4th Dist.1986); *Ingle v. Hospital Sisters Health System,* 141 Ill.App.3d 1057, 96 Ill.Dec. 325, 330, 491 N.E.2d 139, 144 (4th Dist.1986); *Borowski,* 328 N.E.2d at 305

("The plaintiff must then further prove by affirmative evidence that ... the doctor was unskillful or negligent....").

2. Because we affirm the district court's conclusion that the defendant did not deviate from the proper standard of care, we need not reach the question of whether the district court was·clearly erroneous in concluding that the plaintiff failed to prove causation. *See Grover Hill Grain Co. v. Baughman-Oster, Inc.,* 728 F.2d 784, 792 (6th Cir.1984) (applying the clearly erroneous standard to causation).