**Yole Rita MENDIOLA and Eulalio Mendiola, Sr., Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 92–3428.**

United States Court of Appeals, Seventh Circuit.

Argued April 6, 1993.

Decided June 3, 1993.

Thomas F. Londrigan (argued), Londrigan, Potter & Randle, Springfield, IL, and Scott R. Guido and Gary L. Gearhart, Gearhart &

Associates, LaSalle, IL, for plaintiffs-appellants.

Joseph Hartzler (argued) and James A. Lewis, Asst. U.S. Atty., Office of the U.S. Atty., Springfield, IL, for defendant-appellee.

Before CUDAHY, and POSNER, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

Yole Rita Mendiola and Eulalio Mendiola, Sr. (collectively the "Mendiolas") are appealing the district court's judgment against them in this Federal Tort Claims Act case, arising out of an automobile accident which involved a United States government employee. After a bench trial on the issue of liability only, the district court determined that the collision was unavoidable, the government employee was not negligent, and the conduct of the employee was not a proximate cause of Mrs. Mendiola's injuries. The district court had jurisdiction pursuant to the Federal Tort Claims Act and 28 U.S.C. § 1346(b). Our jurisdiction is provided by 28 U.S.C. § 1291, and we affirm.

**I.**

Mrs. Mendiola's automobile was struck nearly head-on by a car driven by Dorothy Hurt when Hurt crossed over the center median strip. A third car, driven by a United States Army recruiter, Sgt. Timothy Daugherty, traveling in the same direction as Mrs. Mendiola, struck the rear of Mrs. Mendiola's car. The Mendiolas settled with Hurt for the limits of her liability coverage. They then filed this case, claiming that the United States was liable for their damages because of the actions of its employee, Sgt. Daugherty. Because the Federal Tort Claims Act allows recovery from the government only when a private individual would be liable under state law, the district court applied Illinois substantive law. 28 U.S.C. § 2674.

The accident occurred on an icy four lane bridge just outside of Normal, Illinois. Mrs. Mendiola was traveling northbound in the outside lane at between 40 to 45 miles per hour. Sgt. Daugherty was traveling behind Mrs. Mendiola in the same direction but in

the inside lane, and Hurt was traveling in the opposite direction at more than 50 miles per hour.

Hurt's car slipped on a patch of ice, crossed the median strip and collided with the left front corner of Mrs. Mendiola's car. Mrs. Mendiola's car and Hurt's car had a closing speed of about 90 miles per hour. Mrs. Mendiola suffered numerous fractured bones including her wrist, tibia, left shoulder and several ribs.

The rapid deceleration of Mrs. Mendiola's car caused her car to come to a near stop in the roadway. Daugherty's car switched lanes and struck Mrs. Mendiola's car, but the reason for this lane change was disputed at trial. The position of Daugherty's car before the accident occurred was also disputed. Mrs. Mendiola testified that just prior to the accident, she saw headlights approaching rapidly from the rear.

Both the Mendiolas and the United States filed motions for summary judgment. The district court denied both motions. In the pre-trial order many facts were stipulated by both parties. The district court bifurcated the trial, and the first portion was set for a determination regarding liability only.

The only issues at trial were whether Daugherty was driving carelessly and whether the rear-end collision was the cause of any of Mrs. Mendiola's injuries. The district court found that Daugherty's collision with Mrs. Mendiola was unavoidable because he had insufficient time to avoid the rear-end collision. Based on expert testimony, the district court determined that even if Daugherty had been traveling a full five seconds behind Mrs. Mendiola, he could not have stopped in time. The district court further found that despite Mrs. Mendiola's claim that she observed headlights rapidly approaching her from the rear, the physical evidence and expert testimony established that Daugherty was traveling at a speed no greater than 45 miles per hour; approximately the same speed as Mrs. Mendiola. Finally, the district court concluded that none of Mrs. Mendiola's injuries were caused by the collision with Daugherty's car. Therefore, the district

court entered judgment against the Mendiolas and in favor of the United States.

On appeal, the Mendiolas claim that the district court erred in denying their motion for summary judgment or partial summary judgment. They also claim that the findings of fact made by the district court were clearly erroneous and therefore, the judgment should be reversed. We affirm on all issues.

### II.

■ The Mendiolas claim that the district court erred in determining that Daugherty was not negligent and that his collision with Mrs. Mendiola was not a proximate cause of any of her injuries. We review factual findings for clear error and will not reverse if the district court's findings are plausible in light of the entire record. *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985); *Wyletal v. United States*, 907 F.2d 49, 50 (7th Cir.1990) (factual findings in Federal Tort Claims Act case are reviewed under clearly erroneous standard). Findings are clearly erroneous if the trial court's interpretation of the facts is implausible, illogical, internally inconsistent, or contradicted by documentary or other extrinsic evidence. *Savic v. United States*, 918 F.2d 696, 700 (7th Cir.1990), *cert. denied,* — U.S. ——, 112 S.Ct. 62, 116 L.Ed.2d 38 (1991).

■ Viewing the entire record as a whole, we cannot conclude that the district court's factual findings are clearly erroneous. The district court was presented with conflicting evidence on both the issue of negligence and proximate cause. The district court concluded that there was no credible evidence that Daugherty was driving carelessly or too fast. Mrs. Mendiola's testimony that she saw headlights approaching rapidly from the rear is the only evidence that Daugherty was driving too fast or was attempting to overtake her. On the other hand, Dr. Louis Metz, a mechanical engineer specializing in vehicle accident reconstruction, testified that Daugherty could not have been as close as Mrs. Mendiola claimed. (Tr. 157).[1] Metz

---

1. In their brief, the Mendiolas argue that "[t]he expert witness testimony was a smokescreen to obscure the undisputed fact that Sgt. Daugherty was driving too fast for conditions and contribut-

concluded that Daugherty was traveling "a good distance" behind Mrs. Mendiola at the time of the accident. The district court accepted this evidence as more credible than Mrs. Mendiola's testimony. Since the only theory for negligence was that Daugherty was unreasonable in attempting to overtake and pass Mrs. Mendiola at a high rate of speed, the district court's acceptance of this evidence eliminated the possibility that Daugherty was negligent.

█ At trial, two versions of what happened were presented. Mrs. Mendiola claimed that Daugherty was traveling at a high speed and overtaking her. Metz testified that the physical evidence demonstrated that Daugherty was a long way back from Mrs. Mendiola. The district court is in the best position to determine which version of events is more credible. Indeed, "[o]ne of the basic tenets of appellate review of district court fact findings is that '[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.' " *Nemmers v. United States*, 870 F.2d 426, 429 (7th Cir.1989) (quoting *E.E.O.C. v. Sears, Roebuck & Co.*, 839 F.2d 302, 309 (7th Cir.1988)). After independent review of the record as a whole, including photographs of the damaged cars, we conclude that the district court's determination was entirely proper. The finding on negligence is not implausible, illogical, or internally inconsistent. Thus, we affirm on this issue.

The Mendiolas argue that the district court's order was inconsistent because it referred to the action as one "arising out of a three-car collision", yet it found that there were two separate collisions. Our review of the transcript and order convince us that the district court clearly treated the accident as two separate collisions. The reference to a three-car collision was not a finding that the three cars collided instantaneously but merely that three cars were involved. Therefore, there is no error in this regard.

Furthermore, the Mendiolas argue that the only evidence supporting the finding that

Sgt. Daugherty was not negligent was his own testimony, which they contend was inconsistent and therefore should have been rejected. However, we point out that the expert testimony and the photographs also support the district court's finding. Finally, the Mendiolas contend that by finding that the accident was unavoidable, the district court ignored the stipulated fact that Daugherty swerved to avoid hitting Hurt and ended up hitting Mrs. Mendiola. That Daugherty swerved to avoid hitting Hurt does not necessarily compel the conclusion that the accident was avoidable altogether. Thus, this stipulated fact does not change our determination that there was no error on the issue of liability.

Because we agree with the district court that Daugherty was not negligent, we need not reach the issue of proximate cause in order to affirm. Similarly, we need not consider whether the district court erred in its denial of summary judgment on in favor of the Mendiolas. Because the government has no liability for this accident, whether Mrs. Mendiola was contributorily negligent is irrelevant and in no way alters the judgment. Finally, as should be clear from the discussion above, the district court did not err in denying the Mendiolas' motion for summary judgment on the issue of negligence as that issue involved genuine issues of material fact regarding Sgt. Daugherty's speed and position.

AFFIRMED.

---

ed to make this accident 'unavoidable' for Rita Mendiola." (*Brief of Appellants, 15*). However, the Mendiolas do not argue that the district court abused its discretion in admitting the expert testimony. Therefore, we assume that the testimony was properly admitted.