37 F.3d 1494
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Ingeborg LEBER, Individually and as Personal Representative
of the Estate of Wolfgang Leber; Steven Leber,
Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-2461.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 22, 1993.
Decided Oct. 17, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Norman P. Ramsey, Senior District Judge. (CA-90-842-R)
 Walter C. McCord, Jr., Baltimore, MD, for Appellants.
 Gary P. Jordan, United States Attorney, Roann Nichols, Assistant United States Attorney, Baltimore, MD, for Appellee.
 D.Md.
 AFFIRMED.
 Before WIDENER, WILKINSON, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The Appellants are the wife and adoptive son of Wolfgang Leber ("Leber"), who died while he was a patient at the Veterans Administration Medical Center at Perry Point, Maryland ("the hospital"). They appeal from district court orders that entered judgment in favor of the Defendant in their wrongful death suit in which they alleged medical malpractice and negligence under the Federal Tort Claims Act, 28 U.S.C. Secs. 2671, 2680 (1988), and denied their motion to amend the court's findings of fact and to alter judgment under Fed.R.Civ.P.52(b), 59(e). Since we find that the court's consideration of expert testimony and its findings of fact were not clearly erroneous and that the court did not abuse its discretion in denying the Appellants' motion to amend, we affirm both district court orders.
 
 
 2
 Leber first sought medical attention at the hospital when he began to have speech and behavioral problems. After being diagnosed as having "presenile onset" and "primary degenerative dementia," he was eventually admitted as a patient in an "open unit" in the hospital. Because he strayed from his ward and wandered aimlessly about the hospital and the hospital grounds, Leber was later placed on a secure ward of the hospital. About one month after his placement in the secure ward, Leber began to have health problems and was transferred to a medical unit and then to another hospital for treatment. When Leber returned to the Perry Point hospital, he first returned to the secure unit, but he was soon transferred back to the open ward for observation.
 
 
 3
 While on the open ward, however, Leber continued to wander. In September 1986, he wandered off of hospital grounds and never returned. On the day he disappeared, Leber was to be returned to a locked ward. In March 1987, Leber's body was found at the bottom of a ravine approximately two miles from the hospital. The medical examiner determined that the cause of death was "arteriosclerotic cardiovascular disease" and that death was by natural means.
 
 
 4
 Appellants first assert that the trial court abused its discretion in not accepting expert testimony from one of their witnesses ("Kleinman"), in giving little or no credit to another of their experts ("Nakhuda"), and in finding the government's expert witness ("Rabins") more credible. The trial court has broad discretion concerning the admission or exclusion of expert evidence and the action of the trial court will be sustained unless it is manifestly erroneous. Salem v. United States Lines Co., 370 U.S. 31, 35 (1962). Furthermore,
 
 
 5
 when a trial judge's finding is based on its decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error.
 
 
 6
 Cicero v. United States, 812 F.2d 1040, 1042 (7th Cir.1987). A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948); see also Shrader v. White, 761 F.2d 975, 980 (4th Cir.1985). This Court must give wide latitude to findings of the trial court with respect to the credibility of witnesses, and to facts and inferences therefrom. Shrader, 761 F.2d at 980.
 
 
 7
 Contrary to the Appellants' assertion, the court admitted Kleinman's testimony but found it was "entitled to little or no weight." Since the court clearly explained that it found Kleinman "had no specific training or expertise in the treatment of Alzheimer's patients," we cannot say that its consideration of his testimony was clearly erroneous. We are not left with a definite and firm conviction that a mistake was made.
 
 
 8
 Appellants continue that the court erred in its consideration of Nakhuda's testimony, another of their expert witnesses, and Rabins's testimony, the Government's expert. Both witnesses agreed that the standard of care with patients like Leber involved considering both the placement of the patient in the least restrictive environment to maximize the patient's functioning and the patient's physical safety. Nakhuda testified that the hospital staff breached that standard of care when they returned him to an open ward even though he continued to wander. Rabins testified that Leber's placement was "an extremely difficult decision" and that "there was no absolutely clear right thing to do." He continued that the hospital's placement of Leber in an open ward "was a reasonable decision" since Leber had not performed well on the locked ward. He continued that returning Leber to a locked ward would have also been "reasonable" and "appropriate."
 
 
 9
 The record discloses that the court considered the testimony of both experts and simply found Rabins more credible. Since the record does not leave us with a definite and firm conviction that the court erred, we find that the court's consideration of the expert testimony was not clearly erroneous.
 
 
 10
 Appellants also assert that the court's findings of fact on certain issues were clearly erroneous. Findings of fact by the district court, "whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." Fed.R.Civ.P. 52(a). Since our review of the record discloses that evidence supports all of the district court's findings of fact, they are not clearly erroneous.
 
 
 11
 Finally, for the reasons discussed above, we find that the court did not err in denying Appellants' Motion to Amend Findings of Fact and to Alter Judgment under Fed.R.Civ.P. 52(b), 59(e), which we review for abuse of discretion. See Boryan v. United States, 884 F.2d 767, 771 (4th Cir.1989). Therefore, we affirm the district court's order granting judgment to the Defendant and its order denying Appellants' motion to alter or amend. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 12
 AFFIRMED.